Nash, J.
 

 There is nothing in the objection. The proceedings are instituted under the 61st section of the Revised Statutes. It is provided “ that any sheriff and coroner, who shall fail duly
 
 to execute and
 
 return all process to him directed, shall be subject to a penalty of $100 for each neglect, to be paid to the party aggrieved, by order of the Court, upon motion and proof that the process was
 
 delirerd to him twenty days before the sitting of the
 
 Court, to which it was returnable, unless the sheriff or coroner can show sufficient cause to the Court for his failure, .at the Court next succeeding
 
 such order."
 
 The act does not require that the judgment for the penalty, shall be rendered at the term to which the writ is returnable, nor can any good reason be assigned, why it should. The judgment is a conditional one, to be enforced only on the failure of the officer, at the term succeeding, to show a sufficient reason for his delinquency. Being granted on motion without personal service of any notice of the intention to make it, it is final to no purpose, except, perhaps, that of the failure to return, but leaves, by the express provision of the Act, to the officer the privilege of showing any “ sufficient cause for his failure,” provided he applies to be heard at the proper time, to-wit, the term succeeding the making of the
 
 order for the amercement,
 
 and that is the object of the
 
 sci. fa.
 
 Its language is, “ then and there to shew cause, if any he has, why
 
 *242
 
 the said plaintiff, William Iialcombe, shall not have execution thereof, &e.” Upon the return of the
 
 sci. fa.
 
 a full defence is open to the sheriff; he may show that the writ never came to his hands, or that he did not receive it until after the return day, or that by some inevitable accident he was prevented from making his return, or in the language of the Act, any sufficient reason. If the sheriff be actually present in Court, when the motion
 
 to amerce
 
 is
 
 made, the Court
 
 would no doubt
 
 then hear
 
 his excuse, but his defence is not, fortunately for him, (in this particular,) confined to that time. The Act not only gives to the party injured the sum of $100 for each failure, but likewise subjects the delinquent officer to an indictment. With equal propriety it might be argued that the prosecution must be commenced at the return term of the writ.
 

 We see no. reason to disturb the judgment.
 

 PER CuiUAM. Judgment affirmed.