*289
 
 Battle, J.
 

 It has frequently been decided by this Court, after argument and full consideration, that if it be made to appear that a clerk has sent a writ to the sheriff of another county, enclosed in a stamped envelope, in due time to reach him in the regular course of the mails, twenty days before the sitting of the court, to which it is returnable, it is sufficient to authorise a judgment
 
 nisi
 
 for an amercement for the non-return of the process;
 
 State
 
 v.
 
 Latham, 6
 
 Jones’ Rep. 233. If then, the mail can be used as a medium, by which process can be transmitted to a sheriff, so as to charge him with its reception, it would seem that he ought to be allowed to adopt the same means for making his return, at least so far as the
 
 drae time
 
 of the return is involved. Accordingly, in the case of
 
 Waugh
 
 v.
 
 Brittain,
 
 4 Jones’ Rep. 470, we intimated that lie might do so, and that he would be excused if the letter, endorsing the process, with his return upon it, was properly mailed in due time. The instruction of his Honor to the jury, in the Court below, was in accordance with this opinion, and we are unable to discover any error in it.
 

 The question of the return of process,
 
 in due time,
 
 seems to have been the only one raised on the trial, but in the argument here, the counsel for the plaintiff contended, that there was not a “ due return” of the process as required by the 17th section of the 105th chapter of the Revised Code, because, though returned “ satisfied,.” the money was not sent with it, nor paid into the clerk’s office, nor to the plaintiff or his attorney. If this question were before the Court for the first time, we should be strongly inclined to hold this objection to be fatal to the return. The writ, in its terms, demands that the sheriff shall have the money levied before the court,, and it would seem, a return of “ satisfied,” without the
 
 “
 
 satisfaction,” is but a mockery. But, at a very early period, a different construction was put upon the act of 1777, (chap. 118, sec. 6, of the Rev. Code of 1820,) and as that act has been twice re-enacted in the same terms, we must consider that construction as settled; see
 
 Davis
 
 v.
 
 Lancaster,
 
 1 Murph. Rep. 255 ; and see also, 1 Rev. Stat. ch. 109, sec. 18, and the
 
 *290
 
 Rev. Code, ch. 105, sec. 17, in both of which, there is a marginal reference to that case, and according to it, a sheriff cannot be fined, if he return the execution within the time prescribed by law, though he fail to return the money, levied thereon, into Court, or pay it to the party, or his attorney.
 

 Per Curiam,
 

 Judgment affirmed.