## THOMAS J. PERSON v. JAMES W. NEWSOM.

### *Execution—Amercement of Sheriff.*

1. A sheriff endorsed upon an execution the words, "debt and interest due to sheriff, costs paid into office;" and upon another, the word "satisfied," without stating what disposition he had made of the fund; *Held* that the returns are sufficient in law to relieve the sheriff from amercement for not making "due return."

2. In such case he is allowed all the days of the term to return an execution, unless he be ruled, upon motion and cause shown, to return it on some intermediate day.

3. Nor is he required to note thereon the date of its delivery to him. (The act of assembly has no reference to final process.)

(*Waugh* v. *Brittain,* 4 Jones, 470; *Ledbetter* v. *Arledge,* 8 Jones, 475; *Halcombe* v. *Rowland,* 8 Ired., 240; *Cockerham* v. *Baker,* 7 Jones, 288; *Hathaway* v. *Freeman,* 7 Ired., 109, cited and approved.)

AMERCEMENT of sheriff—Motion of plaintiff to make judgment *nisi* absolute, heard at January Special Term, 1882, of NORTHAMPTON Superior Court, before *Graves, J.*

On the 17th of October, 1878, execution issued on a judgment recovered in the said court by the plaintiff against the Seaboard and Roanoke railroad company, and was delivered to the defendant, then sheriff, returnable to the next ensuing term, which began on the 4th Monday after the 1st Monday in March.

The writ not having been returned, the plaintiff, on the 12th of April, 1879, the last day of the term, moved the court and obtained a judgment *nisi* against the defendant for his failure; whereupon being present he asked the court to prolong the session until he could make his return, which being granted, he returned the process in his hands at the hour of 5 p. m., with his endorsement in these words: "Debt and interest paid shff., costs paid into office." No money

was collected by the defendant, but he paid the amount due the plaintiff from his own funds.

Upon these facts the court ruled that the return was not sufficient, and rendered the judgment, absolute, for the penalty of one hundred dollars, and the defendant appealed.

*Mr. R. B. Peebles*, for plaintiff.
*Messrs. Mullen & Moore* and *W. Bagley*, for defendant.

SMITH, C. J. The question presented is as to the liability of the defendant to the amercement for not making " due return" of the process under the statute, (Bat. Rev., ch. 106, § 15), either because not in time or insufficient in form.

The return is in substance that the debt and interest had become the property of the defendant, and he had a right to forbear the enforcement of the mandate. If such be the fact, and it must be so assumed, upon the motion for an amercement, the debt being under the control of the defendant, as owner, its collection may be suspended without the incurring of liability to the plaintiff as an "aggrieved party." It may be an untrue return subjecting the officer to the heavier penalty imposed for making a false return, for that, the payment extinguished, but did not transfer the debt; still the return is sufficient in law to excuse the defendant from further proceeding under the process, and protects him from this penalty now sought to be enforced. *Waugh* v. *Brittain*, 4 Jones, 470.

The next inquiry is whether the return is in due time: The case of *Ledbetter* v. *Artedge*, 8 Jones, 475, cited in the argument for the appellant, is directly in point, and decisive. There, the plaintiff was allowed to enter up judgment *nisi* against the defaulting officer on Thursday of the term, and immediately thereupon the defendant, with leave of the court, made his return, and moved to vacate the

judgment.  Delivering the opinion of the court, MANLY, J., says: "The sheriff is allowed all the days of the term to return a *fieri facias*, unless he be ruled, upon motion and cause shown, to return it to some intermediate day.  When the motion is made, like other acts of the court, it stands by relation as if done on the first day."

The statute now in force expressly directs that "all executions on judgments in civil actions," "shall be returnable to the *term of the court* next after that from which they bear teste," not specifying any day thereof.  Bat. Rev., ch. 18 § 7.

The same inference would seem to be authorized by the decision that the amercement can be imposed upon application at a subsequent term.  *Holcombe* v. *Rowland*, 8 Ired., 240.

There is error, and the judgment below must be reversed, and judgment entered here for the defendant.

Error.                                        Reversed.


In WYCHE v. NEWSOM, from Northampton :

There was judgment for the defendant and the plaintiff appealed.

SMITH, C. J.  The facts before us upon this appeal are similar to those in *Person* v. *Newsom, supra,* differing in that the return here made is simply, "satisfied," and without explanation.

Besides the objection pointed at the delay, the plaintiff insists that the return is insufficient in law in not further stating what disposition has been made of the fund.

In *Davis* v. *Lancaster,* 1 Murp., 255, where the sheriff made a similar return upon an execution in his hands, and the proceeding was to amerce him under the act of 1777, it was declared he had not incurred the penalty.  This construction of the act is recognized and enforced in the latter case

of *Corkerham* v. *Baker*, 7 Jones, 288, and is no longer open to controversy.

Since the argument our attention has been called to the Revised Code, ch. 31 § 39, which imposes a forfeiture of one hundred dollars upon a sheriff or other officer receiving process for execution and failing to note on it the date of the delivery to him. This section obviously has no reference to final process, as shown by its connections. And this is the more manifest by reference to the similar section in the Revised Statutes, ch. 31 § 43, which with some modifications has been introduced into the Revised Code. It is there declared, that,

" The clerk or attorney issuing process shall mark thereon the day on which the same shall be issued, and the sheriff or other officer receiving the same to execute, shall in like manner mark on each process the day on which he shall have received it; and every clerk, attorney, sheriff or other officer, neglecting so to do, shall forfeit and pay the sum of one hundred dollars, to be recovered by action of debt, in any court of record having cognizance thereof, by any person who shall sue for the same, with costs."

Reference was had to an independent action to enforce this penalty for the failure of the defendant to endorse upon a writ of *capias ad respondendum* the day of its delivery, in *Hathaway* v. *Freeman*, 7 Ired., 109; and if the penalty did attach to such a default in returning an execution, it could not be recovered in the summary proceeding for a neglect to make " due return," that is, as defined by Mr. Jacobs in his Law Dictionary, to endorse his certificate " of what he hath done touching the execution of any writ directed to him."

But the suggestion meets with another obstacle not less formidable—the point is not presented in the case transmitted on appeal, and cannot be made here for the first time.

There is no error, and the judgment must be affirmed.

No error.                                    Affirmed.