## WEEKS v. McPHAIL.

(Filed April 9, 1901.)

1. NONSUIT—*Dismissal—Appeal.*

> A plaintiff may at any time before verdict, in deference to an intimation of the Court, submit to a nonsuit, either as to the whole or a part of the defendants, or as to one or more causes of action, and appeal.

2. ACTIONS—*Joinder.*

> It is not a misjoinder to unite in the same action a demand for two tracts of land in contiguous and forming part of one larger body.

3. DEMURRER — *Action — Misjoinder — Pleading —Exceptions and Objections.*

> Objection to misjoinder of action must be taken by demurrer.

4. ACTIONS—*Misjoinder—Division.*

> Where there is a misjoinder of causes of action, the court may allow the action to be divided.

PLAINTIFF'S APPEAL.

ACTION by S. M. Weeks against Isaiah McPhail, Bertha Herring and her husband Rufus Herring, Ada R. Weeks and her husband, J. C. Weeks, J. T. Wilkins, George Daughtry and Daniel Lockamy, heard by Judge *George H. Brown* and a jury, at April Term, 1900, of SAMPSON County Superior Court. From a judgment for less than relief demanded, the plaintiff and defendant appealed.

*F. R. Cooper,* for the plaintiff.
*J. L. Stewart, H. E. Faison* and *J. D. Kerr,* for the defendants.

CLARK, J. This is an action for the recovery of real estate. The complaint alleges that the plaintiff is the owner and entitled to the immediate possession of two tracts of land, first, a tract of 70 acres, describing it by metes and bounds; second, another tract of 208 acres, describing it also by metes and bounds. The complaint further alleges that the several defendants named are "in the wrongful possession of said two tracts of land and unlawfully withhold possession of the same," etc. The defendants, McPhail, Herring and Weeks, admit possession of the 70-acre tract, deny plaintiff's title thereto, and deny any possession by them of the 208-acre tract. The defendant Lockamy admits possession of 26 acres of the 208-acre, or Britton Edwards tract; the defendant Daughtry of 130 acres of same tract, and Wilkins of 65 acres of same tract, but each of these denies plaintiff's title, and that he, himself, is in possession of any other part of the land sued for. Two issues were submitted to the jury, one as to the 70-acre tract, and the other as to the 208-acre tract.

The Court below correctly held that, as to the "Britton Edwards" (208 acres) tract, the plaintiff had failed to connect defendants with the deed to Britton Edwards and failed

to show a common source of title; that plaintiff had failed to show title out of the State and to make out title to the land, and that upon the entire evidence offered the plaintiff was not entitled to recover as to that tract.

Upon announcement of this opinion and before the Court had so charged the jury, the plaintiff's counsel announced that the plaintiff took a nonsuit as to the defendants, Lockamy, Daughtry and Wilkins, who were severally in possession of separate pieces of the 208-acre tract. As to the 70-acre tract sued for in the same action, of which the other defendants were in possession and as to which there was a separate issue, the plaintiff recovered judgment.

The defendants, Lockamy, Daughtry and Wilkins, contended that while the plaintiff could enter a *nolle prosequi* as to individual defendants, he could not submit to judgment of nonsuit and appeal, except as to the action itself. The Court being of opinion with defendants offered to let plaintiff submit to a judgment of nonsuit in the action, which he declined. Thereupon the Court instructed the jury that upon the entire undisputed facts and evidence they should answer the issue as to the 208-acre tract "No."

Technically, where the plaintiff declines to proceed, as to the whole action, it is a nonsuit, and where he declines to proceed as to some of the defendants, or as to one cause of action, or as to a definite subject-matter—as in this case, one of two tracts sued for—the entry should be a *nolle prosequi. Grant v. Burgwyn,* 84 N. C., 560; *Hill v. Overton,* 81 N. C., 393.

But the difference is purely technical. The substantial distinction between *non pros, nol pros,* nonsuits voluntary and nonsuits involuntary, never very clear, has long since passed away. When a plaintiff at any time before verdict, in deference to an intimation of the Court, so desires, he can submit · to a nonsuit either as to the whole or a part of the defendants,

or as to one or more causes of action, and appeal. *Wharton v. Currituck,* 82 N. C., at page 15, and cases there cited; *Hedrick v. Pratt,* 94 N. C., 103; *McKesson v. Mendenhall,* 64 N. C., 502. In Rawles' Revision of Bouvier's Law Dictionary, 504, it is said: "A *nolle prosequi* is now held to be no bar to a future action for the same cause, except in those cases where from the nature of the action judgment and execution against one are a satisfaction of all the damages sustained by the plaintiff. In civil actions, a *nolle prosequi* may be entered as to one of several counts, 7 Wend. 301, or to one of one of several defendants, 1 Pet. 80."

Though the intimation of his Honor that upon the evidence as it stood the issue as to the 208-acre tract should be answered "No," proves to be correct, the plaintiff had a right to take a nonsuit (or a *nol pros,* to be technically correct), as to such ruling, and have the same reviewed without as a penalty to be paid for such privilege losing the judgment he obtained as to the 70-acre tract.

Upon fuller proof, and in a new action, the plaintiff may correct, if he can, any inadvertence or omission of evidence on this trial as to the 208-acre tract. It would be a hardship and no benefit to anyone to require the plaintiff to take a nonsuit as to the 70-acre tract, as to which he recovered judgment, and as to which he could offer no exception on appeal, as a price for permission to take a nonsuit as to the 208-acre tract, as to which he desired to appeal. Had he taken such nonsuit as to the whole, the defendants in the 70-acre tract could not have appealed, and the plaintiff could not have urged any exception to the intimation in his favor as to that cause of action, which therefore he might possibly have lost on appeal. *Hedrick v. Pratt,* 94 N. C.; 101.

It was not a misjoinder to unite the two tracts, if contiguous and forming part of one larger body, in the same action. *Bryan v. Spivey,* 106 N. C., 95. And if it were, that objec-

tion was waived by failing to demur.   Clark's Code (3d Ed.), sec. 239 (5) ; 267.   Though the Court in its discretion could have notwithstanding divided the action.   Code, sec. 272, 407 ; *Pretzfelder v. Insurance Co.,* 116 N. C., at page 496.

The verdict must be set aside as to the 208-acre tract, but there was no error in the intimation that upon the evidence the plaintiff could not recover as to that issue.

Modified and affirmed.