CHARLES F. DUNN v. KNIGHTS OF GIDEON MUTUAL
AID SOCIETY.

(Filed 13 October, 1909.)

1. Process—Service—Misnomer of Defendant—Procedure—Plea in
Abatement.

A mere misnomer of the defendant in failing to serve summons
on it as the "Supreme Lodge," etc., when, in fact, the summons
was served on the proper officer, is not a ground for dismissal; the
proper procedure is a plea in abatement wherein the correct name
could be supplied and the, pleadings amended to conform.

2. Process — Service — Misnomer of Defendant — Misjoinder of
Causes—Procedure.

In this case there was no misjoinder of causes of action; but,
if otherwise, the remedy was by motion to divide the action,
Revisal, 476, the defendant being already in court and having
received notice by the summons and complaint.

3. Pleadings—Benevolent Societies—Rejection of Member—Cause of
Action.

The complaint alleging that plaintiff had been elected a mem-
ber of defendant society by ballot, but that, subsequently, misled
by false statements to his prejudice, made by one of its directors,
it rescinded its action to his humiliation and damage, states no
cause of action, it appearing that the director acted in the line of
his duty.

4. Benevolent Societies — Rejection of Member — Certificate — Con-
tracts.

A complaint alleging that defendant society elected him a mem-
ber and then rescinded its action before issuing him a certificate
of membership, fails to set out a contract for the breach of which
damages may be recovered.

APPEAL by plaintiff from *W. R. Allen, J.,* March Term, 1909,
of LENOIR.

The facts are sufficiently stated in the opinion.

*C. F. Dunn* for plaintiff.
No counsel for defendant.

CLARK, C. J.　This is an action against the defendant, a fra-
ternal insurance company, for damages, alleging that on plain-
tiff's application he was elected a member by ballot, but that
subsequently, misled by false statements, to his prejudice, made
by one of the directors, the defendant association rescinded its
action, refused to issue him a certificate of membership and
returned him the initiation fee, greatly to his humiliation;
wherefore he asks damages for breach of contract.

Counsel entered a special appearance and moved to dismiss

the action because the defendant was styled, in the summons which was served, "The Knights of Gideon Mutual Aid Society," whereas the true name is "The Supreme Lodge, Knights of Gideon Mutual Society." The service was upon the president of the latter corporation.

His Honor allowed the motion and dismissed the action on that account, and also because there was a misjoinder of causes of action and because no cause of action was stated.

The misnomer was not ground for dismissal, but for plea in abatement, when, the correct name being given, the summons and pleadings would be amended to conform. 14 Cyc., 438; 14 A. & E. Pl. & Pr., 295; 7 A. & E., 688. The defect here would not even vitiate a conveyance. *Asheville Div. v. Aston,* 92 N. C., 584, and cases cited.

Nor was there a misjoinder of causes of action. Had there been, the remedy was not to dismiss, but to divide the action (Revisal, sec. 476), because the party is already in court, having received notice by the summons and complaint. The division is merely to prevent, in proper cases, confusion and complexity in the trial. *Railroad v. Hardware Co.,* 135 N. C., 73; *Weeks v. McPhail,* 128 N. C., 134; *Gatlis v. Kilgo,* 125 N. C., 133.

But the action was properly dismissed, because no cause of action was stated. The conduct of the director, even if it were ground of action against him, was in the line of his duty and not ground of action against the company. Nor did the action of the company in rescinding its resolution before a certificate of membership was issued entitle the plaintiff to sue for breach of contract.

Affirmed.