THOMAS C. PROPST, ADMINISTRATOR, v. HUGHES TRUCKING CO.

(Filed 20 October, 1943.)

1. Process §§ 8, 10—

When service of process on a nonresident, through the Commissioner of Motor Vehicles, as provided in ch. 75, Public Laws 1929, as amended by ch. 36, Public Laws 1941, is sought, it is essential that the sheriff's return show that such service was made as specifically required by these statutes, and that copy of the process be sent defendant by registered mail and return receipt therefor ·and plaintiff's affidavit of compliance be attached to summons and filed.

2. Pleadings § 22: Process § 3—

In a civil action, where summons is issued and served and complaint filed against defendant under an erroneous name, and such defendant, on special appearance, moves to dismiss for want of jurisdiction on that ground, and plaintiff files a motion to amend summons and complaint to conform to the defendant's true name, there is no error in allowing the motion to correct the mistake.

APPEAL by defendant from *Rousseau, J.*, at July-August Term, 1943, of CLEVELAND.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the negligence, default or wrongful acts of the defendant when its truck collided with an automobile near Selma, Johnston County, N. C., causing war munitions in the truck to explode and kill plaintiff's intestate, who was riding in another automobile near the scene of the explosion.

Summons was issued against Hughes Trucking Company and forwarded to the sheriff of Wake County for service upon the Commissioner of Motor Vehicles, agent of the nonresident defendant under ch. 75, Public Laws 1929, as amended by ch. 36, Public Laws 1941.

The sheriff made the following return upon the summons: "Served Mar. 5, 1943, by delivering copy of the within summons . . . to . . . W. H. Rogers, Jr., Assistant Commissioner Motor Vehicle Bureau of the State of North Carolina, statutory process agent of the Hughes Trucking Company, a foreign corporation."

The Commissioner of Motor Vehicles mailed notice of such service and copy of the process to Hughes Trucking Company, Charleston, S. C., by registered mail and received return receipt signed by "Geo. M. Hughes (signature or name of addressee) . . . Date of Delivery, March 8, 1943."

Thereafter, Hughes Transportation, Inc., entered a special appearance and moved to dismiss for want of jurisdiction on the ground that while plaintiff had sought to bring it into court on the above service, no valid

and binding process had been issued and served against the petitioner or movant.

On the disclosures made in the special appearance, the plaintiff filed motion to amend the summons and complaint to conform to the defendant's true name, Hughes Transportation, Inc. This motion was allowed over objection and exception.

From order denying the motion to dismiss and allowing correction of defendant's name in the summons and complaint, the defendant appeals, assigning errors.

*Clyde R. Hoey for plaintiff, appellee.*
*Robinson & Jones for defendant, appellant.*

STACY, C. J. The plaintiff is an administrator of a resident decedent; the defendant a foreign corporation; the cause of action for wrongful death, growing out of a motor vehicle accident or collision, occurring on a public highway in this State.

Service of summons is sought to be had through the Commissioner of Motor Vehicles, as provided by ch. 75, Public Laws 1929, as amended by ch. 36, Public Laws 1941, for service of process on nonresident operators of motor vehicles on the public highways of this State. 21 R. C. L., 1347.

It is provided by the statute in question, as amended, that a nonresident who accepts the benefits of our laws by operating a motor vehicle on the public highways of this State shall be deemed to have appointed the Commissioner of Motor Vehicles "his true and lawful attorney upon whom may be served all summonses or other lawful process in any action or proceeding against him, growing out of any accident or collision in which said nonresident may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on such public highway of this State, and said acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served on him personally." *Dowling v. Winters,* 208 N. C., 521, 181 S. E., 751. The constitutionality of this law was upheld in *Ashley v. Brown,* 198 N. C., 369, 151 S. E., 725.

It is further provided in the statute that "service of such process shall be made by leaving a copy thereof with a fee of one dollar, in the hands of said Commissioner of Motor Vehicles, or in his office, and such service shall be sufficient service upon the said nonresident; provided that notice of such service and a copy of the process are forthwith sent by registered mail . . . to the defendant and the defendant's return receipt and

the plaintiff's affidavit of compliance . . . are appended to the summons or other process and filed with . . . papers in the cause."

An alternative method of service of process on nonresident defendants is provided by ch. 33, Public Laws 1931, but as this method was not followed in the instant case, it has no present application.

The pertinent provision of the statute is, that service of process shall be made by leaving copy thereof with a fee of one dollar, "in the hands of the Commissioner of Motor Vehicles, or in his office." There is no finding on the present record that this was done, and it is not made manifest by the sheriff's return. 21 R. C. L., 1360. "Delivering copy . . . to . . . W. H. Rogers, Jr., Assistant Commissioner Motor Vehicle Bureau" may or may not be the same as leaving copy in the office of the Commissioner of Motor Vehicles, albeit the notice mailed by the Commissioner would seem to indicate his receipt of the summons. 23 Am. Jur., 564; Annotation: 98 A. L. R., 1437; Notes: 47 Law Ed., 987; 23 L. R. A., 499. Opportunity should be given the sheriff to make a true and accurate return, if in fact his service was in accordance with the statute. *Lee v. Hoff,* 221 N. C., 233, 19 S. E. (2d), 858.

The plaintiff should also file affidavit of compliance as required by the statute, if he would avoid possible future challenge to any judgment that may be rendered in the cause. *Casey v. Barker,* 219 N. C., 465, 14 S. E. (2d), 429.

There was no error in allowing the motion to correct the mistake in defendant's name. C. S., 547; *Clevenger v. Grover,* 212 N. C., 13, 193 S. E., 12; *Lee v. Hoff, supra; Dunn v. Aid Society,* 151 N. C., 133, 65 S. E., 761; *Garrett v. Trotter,* 65 N. C., 430; *Lane v. R. R.,* 50 N. C., 25. *Cf. Hogsed v. Pearlman,* 213 N. C., 240, 195 S. E., 789.

Error and remanded.