STATE OF NORTH CAROLINA v. CHARLIE MOORE AND SURETY TAR HEEL BOND COMPANY.

(Filed 28 September, 1949.)

**1. Process § 12—**

It is the service of process and not the return of the officer which confers jurisdiction on the court, G.S. 1-101, and the return merely perfects the record and furnishes proof of service for the guidance of the court, G.S. 1-102.

**2. Same—**

While it is a better practice for officers to make their returns of process show with particularity upon whom and in what manner the process was served, their endorsement "served" implies service as the law requires and such return signed by the officer in his official capacity is sufficient to show *prima facie* service at least, and error in the date of service is immaterial.

**3. Process § 14—**

The court has discretionary power to permit an officer to amend his return by adding certain specifications as to the manner of service or the acts done in compliance with the statute, by including the names of the persons served and the capacity in which they were served, by adding or correcting the signature of the officer, or in any other manner to disclose full compliance with the law.

**4. Process § 7—**

Service of the *sci. fa.* on the local agent of a bonding company who had executed the bond in behalf of the corporate surety is service upon the corporation. G.S. 1-97.

APPEAL by defendant bonding company from *Nettles, J.,* April Term, 1949, TRANSYLVANIA. Affirmed.

Criminal prosecution heard on motion of defendant bonding company to vacate judgment absolute on defendant's appearance bond for want of service of *sci. fa.*

Defendant bonding company became surety on the appearance bond of defendant Moore. Judgment *nisi* was entered on the bond. *Sci. fa.* was issued 3 July 1945. The sheriff returned the *sci. fa.* endorsed: "Served on Tar Heel Bonding Co. 7-1-45. B. H. Freeman, Sheriff." Thereafter, at the December Term, 1945, judgment absolute was entered.

At the April Term, 1949, appellant filed motion to vacate the judgment alleging that the *sci. fa.* was not properly served on it for that it was not served on any officer of the corporation and that its officials learned of the judgment for the first time at the December Term, 1948.

When the motion came on to be heard, the court below permitted the sheriff to amend his writ by adding thereto the following:

"By delivering a copy to T. S. Wood, Local Agent of Tar Heel Bonding Company. B. H. Freeman, Sheriff."

It thereupon denied the motion to vacate and defendant bonding company appealed.

*Ramsey & Hill for plaintiff appellee.*

*Charles O. P. Trexler and C. P. Barringer for Tar Heel Bond Company, appellant.*

BARNHILL, J. The appellant, in the affidavit filed in support of its motion, does not assert that T. S. Wood was not its local agent at the time of the service of the *sci. fa.* Nor does it deny that the *sci. fa.* was served on him. It excepts to the action of the court in allowing the sheriff to amend his return and to the findings that (1) the return of the sheriff as amended cures the defect in the service, and (2) the *sci. fa.* was, in law, served on it. These exceptions are without substantial merit.

It is the service of summons and not the return of the officer that confers jurisdiction. G.S. 1-101. The return merely perfects the record and furnishes proof of service for the guidance of the court. G.S. 1-102.

An officer having process in hand for service must note on the process the date received by him, G.S. 1-94, and make due return thereof. G.S. 162-14. These are the affirmative requirements of the statutes.

The officer's return is his answer touching what he is commanded to do by the writ. "It is the bringing of a process into court with such endorsements as the law requires, whether they in fact be true or false." *Watson v. Mitchell,* 108 N.C. 364; *Waugh v. Brittain,* 49 N.C. 470; *Person v. Newsom,* 87 N.C. 142; *Lee v. Hoff,* 221 N.C. 233, 19 S.E. 2d 858.

While it is the better practice for officers to make their returns with that degree of particularity necessary to show exactly upon whom and in what manner the process was served, failure to do so does not invalidate the service. "Served" implies service as by law required. *Strayhorn v. Blalock,* 92 N.C. 293; *McDonald v. Carson,* 94 N.C. 498; *Isley v. Boon,* 113 N.C. 249. So then the return "served," or as here, "served on Tar Heel Bond Company. 7-1-45," signed by the officer in his official capacity is sufficient—at least *prima facie*—to show service. *Strayhorn v. Blalock, supra.* The error in the date is immaterial.

The court in its discretion may permit an officer to amend his return by adding further specifications as to the manner of service or the acts done in compliance with the statute, by including the names of the persons served and the capacity in which they were served, by adding or correcting the signature of the officer, or in any other manner deemed

necessary to disclose full compliance with the law. *Calmes v. Lambert,* 153 N.C. 248, 69 S.E. 138; *Grady v. R. R.,* 116 N.C. 952; *Lee v. Hoff, supra.* Therefore, even if the original return was deficient—and this we do not concede—the court below was acting within its authority in permitting the amendment.

The *sci. fa.* was served on a local agent of appellant—the agent who executed the bond in its behalf. This was service upon the corporation. G.S. 1-97; *Grady v. R. R., supra; Clements v. R. R.,* 179 N.C. 225, 102 S.E. 399.

It follows that the judgment absolute is not subject to attack upon the grounds set forth in appellant's motion and supporting affidavit. Hence the refusal of the court to vacate the same may not be held for error.

The judgment below is

Affirmed.