IN RE: JOHN RAY COLLINS

No. 7126DC409

(Filed 4 August 1971)

**Courts § 15; Infants § 10—— juvenile delinquency proceeding — failure of record to show time of service of process**

Failure of the record of a juvenile delinquency proceeding to show the exact time and manner of service of the summons and petition upon the juvenile and his parents was not fatal where the record affirmatively shows that the juvenile and his mother were in fact accorded sufficient notice of the hearing at which he was adjudicated delinquent to provide adequate opportunity to prepare, that at least seven days prior to the hearing he had been represented by privately employed counsel, and that he was represented by such counsel at the hearing, which had already been once continued.

APPEAL by a juvenile from *Johnson, District Judge,* 12 February 1971 Session of District Court held in MECKLENBURG County.

This is an appeal by a juvenile from an order of the District Judge, entered after a hearing, finding the juvenile to be a delinquent and committing him to the North Carolina Board of Juvenile Correction for an indefinite period of time.

*Attorney General Robert Morgan by Staff Attorney Charles A. Lloyd for the State.*

*Charles B. Merryman, Jr., for the juvenile appellant.*

---

In re Collins

---

PARKER, Judge.

Appellant raises no question on this appeal as to the sufficiency of the evidence to support the court's finding that he is delinquent. His sole contention is that the proceeding is fatally defective and he is entitled to have the judgment arrested and the proceeding dismissed because the record fails to show affirmatively that summons and copy of the petition were served upon his parents and upon him "not less than five days prior to the date scheduled for the hearing" as provided by statute, G.S. 7A-283. On the facts presented by this record, there is no merit in appellant's contention.

While the record on this appeal fails to show the manner or time of service of the summons, it does show unequivocally the following: Two petitions, one dated 23 November 1970 and one dated 18 December 1970, were filed, in each of which it was alleged that John Ray Collins is a child less than sixteen years of age and is delinquent in that he had engaged in specifically alleged acts of misconduct (in one case the alleged unlawful acts, if committed by an adult, would have amounted to felonious breaking and entering and in the other case would have constituted the unlawful taking of a motor vehicle). On 5 February 1971 an order was entered continuing the matter until 11 February 1971 and directing that the juvenile be placed at the Juvenile Diagnostic Center "pending further social investigation." The name of the juvenile's privately employed counsel appears on this order, indicating that the juvenile was being represented by counsel at least as early as 5 February 1971. The hearing was not actually held until 12 February 1971, at which time the juvenile appeared before the court, along with his mother and his privately retained counsel. Witnesses appeared who testified in support of the allegations contained in the petitions. The juvenile's brother also appeared at the hearing and testified for him in connection with one of the cases.

The record before us, though deficient in not showing the exact time and manner of service of process, thus does affirmatively disclose that in this proceeding the juvenile and his mother were in fact accorded sufficient notice of the hearing at which he was adjudicated delinquent to provide adequate opportunity to prepare. For at least seven days prior to the hearing he had been represented by privately employed counsel. He was represented by such counsel at the hearing, which had already

been once continued. Counsel had opportunity to move for further continuance had that been desired. At the hearing, the juvenile was confronted by witnesses against him who were subject to cross-examination by his counsel. He was given the opportunity, which he took advantage of, to produce witnesses in his own behalf.

Whatever the nature of juvenile delinquency proceedings may ultimately be determined to be (see *In re Burrus*, 275 N.C. 517, 169 S.E. 2d 879 and *McKeiver v. Pennsylvania* and *In re Burrus*, decided by the United States Supreme Court 21 June 1971), it is apparent that in this proceeding the petitioner has been accorded due process. The judgment appealed from is

Affirmed.

Judges BRITT and MORRIS concur.