IN THE MATTER OF: REGINALD JEROME THOMAS

No. 799DC804

(Filed 4 March 1980)

**Infants § 16— juvenile delinquency hearing—trial judge's assumption of role of prosecuting attorney —due process**

The respondent in a juvenile delinquency hearing who was represented by counsel was denied due process by the trial judge's examination of the witnesses for the State because of the absence of the district attorney or other counsel for the State, since the hearing was adversary in nature and the trial judge in effect assumed the role of the prosecuting attorney.

APPEAL by respondent juvenile from *Allen (C. W.), Jr., Judge.* Order and Commitment entered 7 May 1979 in District Court, PERSON County. Heard in the Court of Appeals 29 January 1980.

*Attorney General Edmisten by Assistant Attorney General R. W. Newsom III for the State.*

*Jackson & Hicks by Alan S. Hicks for respondent appellant.*

CLARK, Judge.

In a petition under N.C. Gen. Stat. § 7A-281 (repealed, effective 1 January 1980, *but see* N.C. Gen. Stat. § 7A-560), respondent

juvenile was charged with breaking and entering a coin-operated machine on 20 April 1979 and larceny of $60.00 therefrom.

At the hearing on 7 May 1979 respondent was represented by counsel. The State was not represented by the District Attorney or other counsel. The State offered three witnesses, all of whom were examined by the trial judge and cross-examined by respondent's counsel. Respondent offered no evidence.

Respondent appeals from the order and commitment to the North Carolina Board of Youth Development.

Respondent argues that his due process rights were violated in that the trial judge examined the witnesses for the State because of the absence of the District Attorney or other counsel to represent the State. The argument has merit.

The record on appeal reveals that the trial judge examined all three witnesses. The record does not reveal that he asked leading questions or was otherwise unfair during the course of the hearing. However, the judge, at least technically, assumed the role of prosecuting attorney in examining the State's witnesses.

*In re Gault*, 387 U.S. 1, 18 L.Ed. 2d 527, 87 S.Ct. 1428 (1967), focused on the various rights that make up "due process" in juvenile proceedings that could lead to detention. The court commented that a juvenile court was not a social agency and that unbridled discretion, however benevolently motivated, was frequently a poor substitute for principle and procedure. The court ruled that the due process rights which must be afforded a juvenile included sufficient notice to prepare a defense, and to be advised of the right to counsel, the right to remain silent, and the right of confrontation and cross examination. *See McKeiver v. Pennsylvania*, 403 U.S. 528, 29 L.Ed. 2d 647, 91 S.Ct. 1976 (1971); *In re Winship*, 397 U.S. 358, 25 L.Ed. 2d 368, 90 S.Ct. 1068 (1970). *See also, In re Vinson*, 298 N.C. 640, 260 S.E. 2d 591 (1979) for a discussion on the new North Carolina Juvenile Code, effective 1 January 1980.

Justice Exum, for the court, in *In re Arthur*, 291 N.C. 640, 644, 231 S.E. 2d 614, 617 (1976), stated:

"While not all the provisions of the Bill of Rights are applicable to juvenile proceedings through the Due Process

Clause of the Fourteenth Amendment, *McKeiver v. Pennsylvania, supra; In re Gault, supra,* we doubt the validity of the proposition that any applicable provision might nevertheless be given less force or vigor in juvenile proceedings than in adult criminal prosecutions. . . ."

The decision reversed the Court of Appeals decision, 27 N.C. App. 227, 218 S.E. 2d 869, and held as inadmissible in evidence the written report of an S.B.I. laboratory analysis in a juvenile hearing.

Applying this pronouncement to the circumstances of the case *sub judice,* we doubt the validity of the proposition that the presiding judge in a juvenile proceeding that could lead to detention should assume the role of prosecuting attorney where the juvenile is represented by counsel and the hearing is adversary in nature. Such procedure would clearly violate due process in adult criminal prosecutions. Nor does a dual role of judge and prosecutor measure up to the essentials of due process and fair treatment in juvenile proceedings where detention could result.

The State relies on *In re Potts,* 14 N.C. App. 387, 188 S.E. 2d 643, *cert. denied,* 281 N.C. 622, 190 S.E. 2d 471 (1972), but we find this case to be distinguished by the fact that, though the District Attorney was not present to represent the State, someone other than the judge examined the State's witnesses.

It is noted that the trial court made no findings of fact. N.C. Gen. Stat. § 7A-285 provides that the Court order shall contain "appropriate findings of fact." The conclusion that respondent was an undisciplined child should have been supported by findings of fact relative to the charges of breaking and entering and larceny.

The order and commitment are

Reversed and the cause is remanded.

Judges VAUGHN and HEDRICK concur.