TEX R. HASSELL AND WIFE, PHRONIA LOY HASSELL v. J. KENYON WILSON, JR., TRUSTEE; ALBEMARLE SAVINGS & LOAN ASSOCIATION; JAMES AUBREY HUDSON AND WIFE, HELEN B. HUDSON

No. 16

(FILED 4 NOVEMBER 1980)

1. **Judgments § 30; Rules of Civil Procedure §§ 4, 60– attack on foreclosure – independent suit or motion in cause proper – return of service insufficient on face**

  Plaintiffs could properly attack a foreclosure proceeding either by motion in the cause or by independent action, since the stipulation of the parties at pre-trial conference that a companion action raising the identical issues had been instituted by plaintiffs by filing a motion in the cause in the foreclosure proceedings and that a final judgment in the present action would determine the companion litigation was sufficient to transfer the motion in the cause pending before the clerk to the superior court for its determination, and original jurisdiction of the superior court over the motion was established by G.S. 1-276; furthermore, plaintiffs were entitled to attack the foreclosure proceeding either by a motion in the cause or by an independent action because the officer's return was insufficient on its face to show service upon plaintiff husband in that the return did not show the place where the papers were left.

2. **Process § 5– return of service insufficient on face -- remand to determine propriety of amendment**

  Although an officer's return was insufficient to show service upon plaintiff husband in mortgage foreclosure proceedings because it did not show the place where the papers were left, such defect was not necessarily fatal to the foreclosure proceedings, and the matter is remanded for the trial judge to determine within his discretion whether the sheriff's return ought to be amended so as to comport with facts regarding the place and manner of service.

  Justice BROCK did not participate in the consideration or decision of this case.

ON discretionary review of a decision of the Court of Appeals, 44 N.C. App. 434, 261 S.E. 2d 227 (1980) vacating the involuntary dismissal of plaintiffs' claim and judgment in favor of defendants on their counterclaim entered by *Judge Ralph Walker* at the 12 December 1978 Session of PASQUOTANK Superior Court.

*Cherry, Cherry and Flythe by Joseph J. Flythe, Attorneys for plaintiff appellees.*

*White, Hall, Mullen, Brumsey and Small by Gerald F. White, Attorneys for defendant appellants.*

EXUM, Justice.

This case raises questions regarding the insufficiency of a sheriff's return of substituted service of process and the procedurally proper method of attacking it.

Plaintiffs, husband and wife, filing both a motion in the cause before the Pasquotank Clerk and a separate action in Pasquotank Superior Court, seek to have a clerk's order in foreclosure of plaintiffs' home and trustee's deed to defendants set aside for failure to serve notice of the foreclosure hearing on plaintiff husband, Tex Hassell. Defendants counterclaim in the superior court action for possession of the property and for rent due. After hearing evidence without a jury, Judge Walker, without finding facts, entered an order of involuntary dismissal of plaintiffs' action pursuant to Rule 41(b). He also entered judgment, based on that dismissal, in favor of defendants on their counterclaim.

The Court of Appeals concluded that plaintiffs were required to proceed, if at all, by motion in the cause; that the parties could not by stipulation give the superior court jurisdiction of the motion pending before the clerk; and that plaintiffs' independent action ought to be dismissed for failure to state a claim. The Court of Appeals also vacated the judgment for defendants on their counterclaim because the trial court erroneously based this judgment on its involuntary dismissal of plaintiffs' action. The Court of Appeals then remanded the matter for further proceedings on defendants' counterclaim. We allowed defendants' petition for further review.

We conclude that plaintiffs were entitled to attack the foreclosure proceeding either by motion in the cause or by independent action; the superior court properly had before it both proceedings; and it erroneously dismissed plaintiffs' claim. Since its judgment for defendants on their counterclaim was predicated on its dismissal of plaintiffs' claim, that judgment must be vacated. The result is that we reverse the Court of Appeals' decision that plaintiffs' independent action ought to be dismissed; for the reasons given herein we affirm the Court of Appeals' vacation of both judgments entered by the superior

Hassell v. Wilson

court; we remand for further proceedings not inconsistent with this opinion.

Plaintiffs owned their home, a house and lot, which was the real property conveyed to defendants Hudson at the foreclosure sale. From 1 September 1977 plaintiffs owed the sum of $5,035.62 with interest to Albemarle Savings & Loan Association; the debt was secured by a deed of trust on the property. Plaintiff husband was employed away from home beginning 1 September 1977 and entrusted his wife with the duty and necessary funds to make the required payments on the loan. This she failed to do. She also failed to tell her husband she was not making the payments. Foreclosure proceedings were begun against the home. When on 16 September 1977 a Pasquotank deputy sheriff served notice of the foreclosure hearing on Mrs. Hassell, she hid the papers under a mattress, never delivered them to her husband, and never told him about them. Mrs. Hassell did attend the hearing before the clerk on 14 October 1977 but said nothing about it to her husband. Pursuant to the foreclosure order issued after the hearing on 14 October 1977 and after due advertisement the foreclosure sale was held on 14 November 1977. No upset bids were received. The trustee executed and delivered a deed dated 1 December 1977 conveying the property to defendants James Aubrey Hudson and wife, Helen B. Hudson, for the price of $6,300. Mr. Hassell first learned of these developments on 1 January 1978 when his sister and brother found the papers and brought them to him. Plaintiffs purchased their home in 1971 for $7,900 and made extensive additions and renovations. Apparently they are willing to reimburse defendants for the $6,300 defendants paid at foreclosure. They have deposited this amount with the clerk.

I.

[1] Challenging the foreclosure proceeding, plaintiffs complain that service of the notice of foreclosure hearing was not properly had on Mr. Hassell.[1] Plaintiffs maintain that the return of

[1] G.S. 45-21.16 requires: "(a) The mortgagee or trustee granted a power of sale under a mortgage or deed of trust who seeks to exercise such power of sale shall serve upon each party entitled to notice under this section a notice of hearing. ... The notice shall be served in any manner provided by the Rules of Civil Procedure for the service of summons ...." *See also* section (b) listing those entitled to receive the notice. The list would include in this case Mr. Hassell.

service does not show that the papers which were left with Mrs. Hassell were left at Mr. Hassell's "dwelling house or usual place of abode" as Rule 4(j)(1)(a) requires.[2] Defendants contend that the return, certified by a deputy sheriff, shows substantial compliance with the rule. The return of service reads as follows:

> "I certify that this Order of Service was received on the 15th day of September, 1977 and together with the copy of the Notice of Hearing was served as follows: on Tex R. Hassell.
>
> On the 16 day of Sept., 1977 at the following place:
>
> _____
> (Address where copy delivered or left)
>
> By: X leaving copies with Phronia Loy Hassell who is a person of suitable age and discretion and who resides in the designated recipient's dwelling house or usual place of abode."

When plaintiffs' action was brought in superior court the parties, at pre-trial conference, stipulated:

> "[A] companion action raising the identical issues presented in the present action and seeking the same relief as that sought in the present action has been instituted by plaintiffs herein upon filing motion in the cause in the foreclosure proceedings herein and therein disputed, said companion action being contained in File No. 77-Sp-72 of the Pasquotank County Clerk of Superior Court's office. By consent of the parties hereto, the final result and judgment reached in the present action shall likewise finally determine said companion litigation as contained in said File No. 77-Sp-72."

Although both parties agree before us as they did in the Court of Appeals that this stipulation was sufficient to put before the superior court the motion in the cause pending be-

---

[2]This subsection of Rule 4(j) provides for service upon a natural person "[b]y delivering a copy of the summons and of the complaint to him or by leaving copies thereof at the *defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. . . .*" (Emphasis supplied.)

fore the clerk so that the superior court could assume original jurisdiction of the motion, the Court of Appeals concluded to the contrary "since, under the statute, the Superior Court would have only appellate jurisdiction over the original foreclosure proceeding, and over the clerk's ruling on a motion in the cause." 44 N.C. App. at 439, 261 S.E. 2d at 230. The Court of Appeals erred in this conclusion.

The stipulation of the parties at pre-trial conference was sufficient in substance, if not in form, to transfer the motion in the cause pending before the clerk to the superior court for its determination. Original jurisdiction of the superior court over the motion is established by G.S. 1-276:

> "*Judge determines entire controversy; may recommit.* — Whenever a civil action or special proceeding begun before a clerk of a superior court is for any ground whatever sent to the superior court before the judge, the judge has jurisdiction; and it is his duty, upon the request of either party, to proceed to hear and determine all matters in controversy in such action, unless it appears to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the clerk, in which case he may do so."

This Court has consistently construed this statute to mean that the clerk is really an arm of the superior court. When a proceeding before the clerk is brought before the superior court, the court's jurisdiction is not appellate or derivative; it is original. *Hudson v. Fox*, 257 N.C. 789, 127 S.E. 2d 556 (1962); *Langley v. Langley*, 236 N.C. 184, 72 S.E. 2d 235 (1952); *Perry v. Bassenger*, 219 N.C. 838, 15 S.E. 2d 365 (1941).

Furthermore because of the nature of the defect in the officer's return, we believe plaintiffs were entitled to attack the foreclosure proceeding either by a motion in the cause or by an independent action. Rule 60 provides for an attack on a judgment void because of lack of personal jurisdiction by way of motion in the cause or independent action. But which method must be used depends upon whether the jurisdictional defect appears on the face of the record. If the officer's return of process shows that service was duly made upon the party over which personal jurisdiction was required, then that party may

Hassell v. Wilson

attack the proceeding only by a motion in the cause; but if a defect in the service of process appears on the face of the return itself, the prior proceeding may be attacked either by motion in the cause or by an independent action. "If the defect [pertaining to personal jurisdiction] appear on the face of the papers, or is discernible from an inspection of the record, the judgment may be treated as a nullity, vacated on motion, or attacked collaterally." *Dunn v. Wilson*, 210 N.C. 493, 187 S.E. 802, 803 (1936).

As already noted G.S. 45-21.16 required as a prerequisite to the validity of the foreclosure proceedings here being attacked that Mr. Hassell be served with notice of the foreclosure hearing in accordance with the Rules of Civil Procedure. The deputy sheriff's return of service as to Mr. Hassell indicates that he attempted to use the substituted service provisions of Rule 4(j)(1)(a). These provisions require that the papers to be served be left: (1) at the dwelling house or usual place of abode of the person to be served (2) with a person of suitable age and discretion (3) who resides with the person to be served. The papers, in other words, must be left at a place which constitutes the dwelling of both the person to be served and the person with whom the papers are left. *Guthrie v. Ray*, 293 N.C. 67, 235 S.E. 2d 146 (1977). There is no valid service if the papers are not left at this place. *Id.*

Furthermore, G.S. 1-75.10 prescribes how proof of service of process shall be made when service is challenged.[3] Under the statute the officer's certificate, or return, must show the *"place, time and manner of service. ..."* (Emphasis supplied.) Under G.S. 1-75.11 when "a defendant fails to appear in the action within apt time, the court shall, before entering a judgment against such a defendant, require proof of service of the summons in the manner required by § 1-75.10. ..."

---

[3]The statute provides:

"Where the defendant appears in the action and challenges the service of the summons upon him, proof of the service of process shall be as follows:

(1) Personal Service or Substituted
    Personal Service. —

    a. If served by the sheriff of the county or the lawful process officer in this State where the defendant was found, by the officer's certificate thereof, showing *place*, time and manner of service. ..." (Emphasis supplied.)

The officer's return here does not show the place where the papers were left. There is a blank space for the insertion of this information in the return but the information has not been inserted. Thus, on its face, this return does not show compliance with Rule 4(j)(1)(a) nor does it comply with G.S. 1-75.10.

In concluding that the officer's return of service is insufficient on its face to show service upon Mr. Hassell, we are advertent to our decision in *Guthrie v. Ray, supra,* 293 N.C. 67, 235 S.E. 2d 146, in which we concluded that a similar return of service substantially complied with Rule 4(j)(1)(a). In *Guthrie,* a personal injury action arising out of a motor vehicle collision, the summons gave defendant's address as "Route 3, Box 187, Weaverville, North Carolina." In his return of service the deputy sheriff certified that defendant was served "at the following place: Route 3, Box 187 By: leaving copies with Mrs. C. Ray (mother) who is a person of suitable age and discretion and who resides in the defendant's dwelling house or usual place of abode." Despite defendant's claims contained in an affidavit that he was a resident of Tennessee, the trial court concluded that defendant was duly served. The Court of Appeals reversed, in part on the grounds that "[t]he return clearly fails to disclose that service was had on the defendant by leaving a copy of the summons and complaint *at* defendant's dwelling house or usual place of abode as required by G.S. 1A-1, Rule 4(j)(1)(a)." 31 N.C. App. 142, 144, 228 S.E. 2d 471, 473 (1976). This Court reversed the Court of Appeals. In *Guthrie,* however, the return properly recited the place where the summons was delivered. The place was the same address given for defendant in the body of the summons. Nevertheless this Court cautioned in *Guthrie,* 293 N.C. at 70, 235 S.E. 2d at 148:

> "The better practice, then, would be for the sheriff to state explicitly in his return of service that the place where the summons was left was the dwelling house or usual place of abode of both the named defendant and 'the person of suitable age and discretion' to whom he delivered the summons."

We are also advertent to some of our older cases which conclude that if the return merely recites that it was "served" without detailing the manner of service it is sufficient to show proper service. *State v. Moore,* 230 N.C. 648, 55 S.E. 2d 177 (1949);

*Isley v. Boone,* 113 N.C. 249, 18 S.E. 174 (1893); *McDonald v. Carson,* 94 N.C. 497 (1886); *Strayhorn v. Blalock,* 92 N.C. 292 (1885). These cases, however, dealt with personal rather than, as here, substituted service. Rule 4(j)(1)(a), setting out in detail the prerequisites to substituted service, and G.S. 1-75.10, prescribing how service must be proved, have both been enacted since these earlier cases were decided.[4]

Our decision here is supported by *Propst v. Hughes Trucking Co.,* 223 N.C. 490, 27 S.E. 2d 152 (1943). In *Propst,* a wrongful death action arising out of a motor vehicle collision, service was attempted on a non-resident motorist pursuant to statutory provisions which made the North Carolina Commissioner of Motor Vehicles a process agent for such non-residents. The statute in question provided that "service of such process shall be made by leaving a copy thereof in the hands of said Commissioner of Motor Vehicles, or in his office . . . ." The sheriff's return in the case read as follows: "Served . . . by delivering copy of the within summons . . . to . . . W.H. Rogers, Jr., Assistant Commissioner, Motor Vehicle Bureau of the State of North Carolina, Statutory Process Agent of the Hughes Trucking Co., a foreign corporation." This Court held that the return was insufficient to show that summons was delivered *in the office* of the Commissioner of Motor Vehicles even though the record showed that the Commissioner had duly mailed notice of service and copy of the process to the non-resident defendant.

Statutes authorizing substituted service of process, service by publication, or other particular methods of service are in derogation of the common law, are strictly construed, and must be followed with particularity. *Sink v. Easter,* 284 N.C. 555, 202 S.E. 2d 138 (1974). "Where, by the local law, substituted or constructive service is in certain situations authorized in the place of personal service when the latter is inconvenient or impossible, a strict and literal compliance with the provisions of the law must be shown in order to support the judgment based on such substituted or constructive service." 62 Am. Jur. 2d, *Process* § 68 (1972).

---

[4]Indeed G.S. 1-592, in effect when these cases were decided, provided that "when a notice issues to the sheriff, his return thereon that the same has been executed is sufficient evidence of its service." This statute was repealed by Chapter 954, 1967 Session Laws, effective 1 January 1970 — the same chapter which, in turn, enacted G.S. 1-75.10, presently in effect.

Here the place of service is not mentioned in the return; place is a prerequisite to valid substituted service under Rule 4(j)(1)(a); and place must be stated in the return under G.S. 1-75.10. Therefore the return was insufficient on its face to show valid service.

It is true that the return does not show that notice of the foreclosure hearing was *not* left at Mr. Hassell's dwelling. The return is silent as to this aspect of the purported service. Nevertheless we believe this defect is of the kind which permits plaintiffs to attack the proceedings for lack of service in an independent action. Where all the papers in a former proceeding had been lost except the judgment against defendant and there was nothing to show that defendant had or had not been served with process, it was held in *Downing v. White,* 211 N.C. 40, 188 S.E. 815 (1936), that defendant could attack the judgment in an independent action on the grounds that no summons was ever served on her. The Court said, *id.* at 41-42, 188 S.E. at 816:

> "[W]here it affirmatively appears from the record in a case that one was duly served or made a party thereto, the remedy for establishing the fact of nonservice ... is by motion in the cause and not by an independent action. ... So [the papers having been lost] it not appearing that [plaintiff] was ever a party to said proceeding, we apprehend her right presently to attack the judgment rendered therein as a cloud on her title ought not to be denied."

Here the return does not affirmatively show that Mr. Hassell was ever duly served. It does not appear that he was ever duly made a party. Consequently plaintiffs are entitled to attack the foreclosure proceeding in an independent action.

II.

[2] Although the defect appearing on the face of the return is sufficient to permit the foreclosure proceedings to be attacked in an independent action, it is not such a defect which is necessarily fatal to the foreclosure proceedings. "It is the service of summons and not the return of the officer that confers jurisdiction. ... The Court in its discretion may permit an officer to amend his return by adding further specifications as to the manner of service or the acts done in compliance with the

statute . . . ." *State v. Moore, supra,* 230 N.C. at 649, 55 S.E. 2d at 178. In *Propst v. Hughes Trucking Co., supra,* 223 N.C. 490, 27 S.E. 2d 152, the Court held that the sheriff's return was insufficient to show that he had left the papers to be served in the appropriate office; nevertheless the matter was remanded so that opportunity could be given the sheriff "to make a true and accurate return, if in fact his service was in accordance with the statute." 223 N.C. at 492, 27 S.E. 2d at 153.

"The officer is bound by the return, and so are the parties until the contrary is shown; but where it does not show correctly what was done, the court may permit amendment in accordance with the facts . . . . [T]he amendment relates back, having the same effect as if included in the original return." McIntosh, North Carolina Practice and Procedure, § 890 (1956). "An officer does not have the right to amend his return to a summons after the return is filed, but the court, under its discretionary power, in meritorious cases may grant him leave to do so." *Lee v. Hoff,* 221 N.C. 233, 236, 19 S.E. 2d 858, 859 (1942). The Court said further, quoting from 21 R.C.L. 1329, *Process,* § 77: "The Court is bound in every case to exercise a sound discretion, and to allow or disallow an amendment as may best tend to the furtherance of justice." *Id.*

The return as it stands is thus insufficient to show that Mr. Hassell was ever duly served. Unless and until it is amended, it is an insufficient basis upon which to predicate the validity of the foreclosure proceedings. The trial judge, therefore, erred in dismissing plaintiffs' action and entering judgment for defendants on their counterclaim predicated upon that dismissal.

On remand, the first inquiry will be whether the sheriff's return ought to be amended so as to comport with facts regarding the place and manner of service. The decision rests within the sound discretion of the trial judge. If, warranted by the facts, circumstances and the ends of justice, he permits the return to be amended so as to show valid service of the notice upon Mr. Hassell, then plaintiffs' attack against the foreclosure proceedings must fail. If he does not permit amendment of the return then plaintiffs are entitled to have the foreclosure proceedings set aside.

The matter must, therefore, be remanded for a new hearing and a new determination on the questions whether the sheriff

in fact duly served Mr. Hassell with notice of the foreclosure hearing pursuant to Rule 4(j)(1)(a) and whether the trial court will in its discretion permit an amendment to the return to perfect service of the notice of hearing.

## III.

On defendants' counterclaim for possession and rent due the trial court entered judgment, supported by findings of fact and conclusions of law, favorable to defendants. We express no opinion regarding the ultimate correctness of any aspect of this judgment nor upon the correctness of the Court of Appeals' remarks about it. This judgment was expressly predicated upon the dismissal of plaintiffs' claim that Mr. Hassell was not served and upon findings that the foreclosure proceedings were otherwise proper. Since we are reversing this dismissal of plaintiffs' claim of lack of service, we, like the Court of Appeals, must vacate the judgment predicated upon it on defendants' counterclaim and remand the counterclaim for a new hearing.

The decision of the Court of Appeals insofar as it concluded that the trial court lacked jurisdiction of plaintiffs' action and that their claim should be dismissed under Rule 12(b)(6) is reversed. The decision of the Court of Appeals vacating all judgments of the trial court is, for the reasons we have given, affirmed. Plaintiffs' action and defendants' counterclaim are remanded for further proceedings not inconsistent with this opinion.

Reversed in Part.

Affirmed in Part.

Remanded.

Justice BROCK did not participate in the consideration and decision of this case.