In re Leggett

———————

IN THE MATTER OF VIRGIL KEMP LEGGETT, JR., D.O.B. 10/29/68

No. 832DC807

(Filed 17 April 1984)

**Infants § 13— juvenile delinquency proceeding—sufficiency of service of process**
        Although the return of summons in a juvenile delinquency proceeding stated only that service was effected on a particular date but did not state that the juvenile and one of his parents were served as required by G.S. 7A-565, the record was sufficient to support the conclusion that respondent was properly served since the statement on the return that service was accomplished implies that it was done in the manner required by law, and such implication was supported by the fact that respondent, both of his parents and his counsel were present at the hearing, and by the fact that the question of service was not raised at the hearing.

APPEAL by respondent-juvenile from *Hardison, Judge.* Order entered 11 April 1983 in District Court, BEAUFORT County. Heard in the Court of Appeals 8 February 1984.

The respondent-juvenile was charged with making certain lewd and indecent telephone calls in violation of G.S. 14-196(a)(1). Evidence at the hearing tended to show that: Someone telephoned the Gerald Cannon residence on February 4, 7, 8 and 11 and March 4, 1983, using lewd and indecent language. The Cannons reported this to the police and tracing equipment was connected to their telephone. On March 10, 1983, Mrs. Cannon received a telephone call, recognized the voice as being that of the previous caller, and activated the tracing equipment. The police were called, and after checking with the telephone company, Officer Barnes was dispatched to the respondent's residence while another officer waited by the Cannon telephone. After arriving at the Leggett residence and speaking with respondent's mother, Officer Barnes picked up the telephone and spoke with the officer at the Cannon residence over the open line. The respondent was the only male in the house at that time.

The trial judge found beyond a reasonable doubt that respondent had violated the statute referred to, adjudicated him a delinquent child, and placed him on supervised probation for one year.

*Attorney General Edmisten, by Assistant Attorney General Jane Rankin Thompson, for the State.*

*Carter, Archie & Hassell, by Sid Hassell, Jr., for respondent appellant.*

PHILLIPS, Judge.

By his first assignment of error, respondent contends that the court had no jurisdiction over him in that the record fails to show that he and one of his parents were properly served with the juvenile summons and petition, as required by G.S. 7A-565. It is true that the return of the summons states only that service was effected March 30, 1983 and does not state who was served. But this does not necessarily mean, as respondent argues, that the court had no jurisdiction. It is the service of summons, rather than the return of the officer, that confers jurisdiction. *State v. Moore*, 230 N.C. 648, 55 S.E. 2d 177 (1949). The statement on the return that service was accomplished implies that it was done in the manner required by law. *Strayhorn v. Blalock*, 92 N.C. 292 (1885). The implication that service was properly accomplished on

the respondent is supported by several things in the record and contradicted by nothing. At the hearing scheduled for April 11, 1983, respondent, both of his parents, and counsel, obviously prepared to contest the charges, were present; and the question of service was not raised by objection, affidavit, or otherwise. Had it been, the officer's incomplete return, no doubt a clerical mistake, could have been corrected by amendment. *Calmes v. Lambert,* 153 N.C. 248, 69 S.E. 138 (1910). Under the circumstances, completing the return is deemed to be unnecessary, though requiring or permitting officers to complete returns is the preferred practice when a return is noted to be incomplete in the trial court. Since the record, which imports verity, supports the conclusion that respondent was properly served with process, we need not consider whether personal jurisdiction was obtained over him, in any event, through the general appearance that he and his parents made at the hearing. *See In re Blalock,* 233 N.C. 493, 64 S.E. 2d 848 (1951); *In re Collins,* 12 N.C. App. 142, 182 S.E. 2d 662 (1971). Respondent's reliance upon *In re McAllister,* 14 N.C. App. 614, 188 S.E. 2d 723 (1972) as requiring a dismissal of the case is misplaced. In that case, there was nothing of record to show that service had been made; whereas, in this case the return, though incomplete, shows that service was made.

Respondent also contends that the judge committed error in asking questions of witnesses while sitting as the trier of fact, and in support thereof cites *In re Thomas,* 45 N.C. App. 525, 263 S.E. 2d 355 (1980). But, in our judgment, *Thomas* has no application to this case. In *Thomas,* also a delinquency proceeding, the trial judge actively assumed the role of prosecuting attorney because the solicitor was absent; whereas, here, the State's counsel prosecuted the case and Judge Hardison asked only a few questions to clarify testimony already given. Questions to witnesses by the trial judge are permissible if within proper bounds. *State v. Currie,* 293 N.C. 523, 238 S.E. 2d 477 (1977). In our opinion the questions asked by the judge were within the proper bounds.

The respondent's other assignments of error require no discussion. Our study of the record leaves us with the impression that the evidence supports his conviction, his trial was without prejudicial error, and the adjudication made must be affirmed.

Affirmed.

Judges WELLS and BRASWELL concur.