STATE OF NORTH CAROLINA v. JERRY KELLY RUSS
No. 6821SC325

(Filed 18 September 1968)

**1. Criminal Law § 79—   statements of accomplice during perpetration of robbery**

In a prosecution for armed robbery, the court properly admitted testimony by the prosecuting witness as to statements made by defendant's accomplice during the course of the robbery, the declarations made by one defendant in the presence of another in perpetrating a common offense being competent against the other defendant.

**2. Criminal Law § 43—   photographs of crime scene — illustration of testimony**

In a prosecution for armed robbery, the admission of photographs of the scene of the crime was proper where the court instructed the jury that the photographs were to be considered only for the purpose of illustrating the testimony of the witness and should not be considered as substantive evidence.

**3. Criminal Law § 42—   admissibility of weapons used in robbery**

In a prosecution for armed robbery, the court properly admitted into evidence two pistols taken from the person and the suitcase of defendant at the time of his arrest which corresponded to pistols described by the prosecuting witness as having been used in the robbery, articles which the evidence shows were used in connection with the commission of the crime being admissible into evidence.

**4. Robbery § 4—   sufficiency of evidence**

Evidence *is held* sufficient to be submitted to the jury on the issue of defendant's guilt of armed robbery.

APPEAL from *Cowper, J.,* 29 April 1968, Criminal Session of FORSYTH Superior Court.

The defendant together with Arthur T. Mankins, alias Tim Mankins, was charged in a proper bill of indictment with the offense of robbery with firearms on 27 November 1967, wherein by means of a pistol, the life of James William Edwards was endangered and threatened and $400 obtained from Forsyth Pharmacies, Inc., trading as Medical Park Pharmacy.

The defendant was represented by court-appointed counsel and entered a plea of not guilty. From a jury verdict of guilty and judgment of imprisonment for a term of not less than twenty-five nor more than thirty years, the defendant appealed.

The defendant offered no evidence and the evidence on behalf of the State tends to show:

On Monday evening, 27 November 1967, about 10:00 p.m. James

William Edwards, a vice-president of Forsyth Pharmacies, Inc., trading as Medical Park Pharmacy, located in the Forsyth Medical Park on Hawthorne Road in Forsyth County, North Carolina, was working on the company books. The place of business had been closed for the night since about 7:00 p.m. Some of the lights were on. Mr. Edwards was in a back room working when he heard a knock at the door. Mr. Edwards went to the side door where he heard the knock and saw the defendant standing at the window. The defendant stated that he had a prescription he desired to have filled. Mr. Edwards did not observe anyone with the defendant at that time. Mr. Edwards turned the door knob and just as he did, the door flew open and Mankins came in with a pistol in his hand and said: "This is a stickup." The defendant came in immediately behind Mankins and, likewise, had a pistol in his hand. Both pistols were 38-caliber, one was dark and the other one had some silver on it. The defendant and Mankins obtained a bank deposit bag which contained $408 in cash and something over $200 in checks and, before leaving, tied Mr. Edwards to a chair by means of adhesive tape obtained in the drug store.

The defendant was arrested in a room at the Holiday Inn in Charlotte, North Carolina, on 18 December 1967. Mankins was arrested on the same occasion in the parking lot of the Holiday Inn, just prior to the arrest of the defendant. At the time of the arrest of the defendant, he had in his hand a 38-caliber pistol and in a suitcase in the room was found a similar pistol except that it was silver with a black cylinder.

*Bradley J. Cameron, Attorney for defendant appellant.*

*T. W. Bruton, Attorney General, Harry W. McGalliard, Deputy Attorney General, for the State.*

CAMPBELL, J.

The defendant brings forward four assignments of error.

[1]    One, the defendant asserts error in the admission of the testimony by the witness James William Edwards who testified as to statements made by Mankins during the course of the robbery.

The record discloses that the witness testified that Mankins and the defendant came through the door, each with a pistol in his hand, and then the solicitor on behalf of the State asked the witness Edwards:

> "All right, sir. Now, go ahead and tell us just what happened and what you did."

The witness then answered:

"Well, he said, 'This is a stickup. We don't want to hurt you, we just want your money.' And so they proceeded to go back towards the back room where I had come from, and Russ went ahead and said, 'Is anybody back here?' and I said, 'No, I'm here by myself,' and so he went down — he went almost to the back with Mr. Mankins, and they found out that I was telling the truth, that no one else was there but me, and so they came around front and wanted to know where the money was, and he asked if it was in the drawer, which it happened to be the petty cash box, and touched it, and I said that there was no money there, which there wasn't, so I took them over to where I had the cash — the silver tray — and — under a box, and brought that out and showed it to them, and Mr. Mankins says, 'No, we want the big green.' "

At this point, the defendant Russ entered an objection. This objection was overruled and constitutes the defendant's first assignment of error. The witness then continued:

"Well, he didn't say — Russ didn't say anything then and Mankins said he just wanted the big green, and I said, 'Well, if that is what you want I'll get it for you,' and so I started to go to the — through a restroom which adjoins that side of the pharmacy, to go to the back room where the storage room is, and Mr. Russ says, 'Wait a minute. Let me go first,' and so he preceded me, and then they found out that I wasn't hiding anything or anything and so I unlocked the back door to the stock room, which was closed, and whenever I went in there Mankins said, 'Let me.' I said, 'I'm not going to try anything funny,' and I went and got the bank bag which had all of the money and checks in it."

This testimony was clearly competent and this assignment of error is overruled.

"A declaration made by one defendant in the presence of the others in perpetrating the common offense is competent as against the other defendants." 2 Strong, N. C. Index 2d, Criminal Law, § 79, p. 593; *State v. Hines*, 266 N.C. 1, 145 S.E. 2d 363.

[2]    The defendant's second assignment of error was to the admission in evidence of certain photographs. The record discloses that each of the photographs objected to was admitted by the court under proper instructions to the jury that such photograph was to be con-

sidered only for the purpose of illustrating the testimony of the witness and should not be considered as substantive evidence.

> "The trial court has discretionary power to permit the introduction in evidence of properly identified diagrams or maps, and photographs, of the scene of the crime for the purpose of illustrating the testimony of the witnesses." 2 Strong, N. C. Index 2d, Criminal Law, § 43, pp. 548-549.

This assignment of error is overruled.

[3] The third assignment of error brought forward by the defendant was to the admission of the two pistols in evidence, the one taken from the defendant at the time of his arrest and which he had in his hand, and the other taken from the suitcase found in the room of the defendant at the time of his arrest.

The State's witness, Edwards, testified that at the time of the robbery each of the robbers had a 38-caliber pistol in his hand, that one of the pistols was "all dark" in color and the other had some silver on it. The pistols which were introduced in evidence corresponded to the pistols described by the witness Edwards. It was not error to admit the pistols in evidence.

> "Articles which the evidence shows were used in connection with the commission of the crime charged are properly admitted in evidence." 2 Strong, N. C. Index 2d, Criminal Law, § 42, p. 547.

[4] The fourth assignment of error brought forward by the defendant is the refusal of the trial court to sustain the defendant's motion for nonsuit at the close of the evidence. The defendant assigns no authority to sustain this assignment of error and states: "(T)his assignment of error and exception is brought forward in this brief for such consideration as the Court of Appeals may deem proper in order to protect fully all rights which the defendant may have."

We have reviewed the record in this case and there was substantial evidence to support a finding that the offense charged in the bill of indictment had been committed and that the defendant committed it. The record discloses that the defendant had a fair trial before a jury and we find

No error.

MALLARD, C.J., and MORRIS, J., concur.