STATE OF NORTH CAROLINA v. WILLIAM EARL KEYES

No. 702SC317

(Filed 15 July 1970)

1. **Robbery § 4— common law robbery — force — sufficiency of evidence**

   State's evidence that the defendant gave a service station employee two one-dollar bills for gas, that the defendant then insisted he had given the employee a twenty-dollar bill, that the employee denied the statement and refused to give change, that the defendant showed the employee the back part of a knife and repeated his demand for change, and that the employee immediately gave the defendant eighteen dollars from the cash register, *held* sufficient to sustain a conviction for common law robbery.

2. **Robbery § 1— definition of robbery**

   Robbery is the taking of money or goods with felonious intent from the person of another, or in his presence, against his will, by violence or putting him in fear.

3. **Robbery § 1— force**

   Force as an element of robbery may be actual or constructive.

4. **Robbery § 1— presumption of fear**

   Fear will be presumed if there are just grounds for it.

5. **Robbery § 5; Criminal Law § 172— error cured by guilty verdict on lesser offense**

Conviction of common law robbery rendered harmless any error with respect to submitting the question of defendant's guilt of armed robbery, absent some showing that the verdict of guilty of common law robbery was affected by the submission of the greater offense.

**6. Criminal Law § 71—— shorthand statement of the facts**

Testimony by the arresting officer in a robbery prosecution that defendant's female companion "tried" to grab the eighteen dollars which defendant was attempting to pass to her, *held* admissible as a shorthand statement of the facts.

APPEAL by defendant from *Mintz, J.*, January 1970 Criminal Session of BEAUFORT County Superior Court.

Defendant was tried under a bill of indictment charging armed robbery. The court instructed the jury that they could return one of three verdicts: guilty of armed robbery, guilty of robbery, or not guilty. The jury verdict was guilty of robbery. Judgment was entered imposing a prison sentence of not less than eight nor more than nine years and defendant appealed.

*Robert Morgan, Attorney General, by Donald M. Jacobs, Staff Attorney, for the State.*

*Wilkinson & Vosburgh by John A. Wilkinson for defendant appellant.*

GRAHAM, J.

[1] Defendant's first assignment of error is to the court's refusal to allow his motion to dismiss for a lack of sufficient evidence. Defendant offered no evidence. Evidence offered by the State tended to show the following:

On the afternoon of 12 October 1969, defendant and two companions drove up to a service station being operated by James Boyd. A man called "Martin" was driving and defendant was sitting in the right front seat. Martin purchased two dollars worth of gas and paid for it with two one dollar bills. He then said he needed a quart of oil. Defendant said, "Put the oil in," and Boyd did so. Defendant then got out of the car and looked in his wallet, but he took no money out, and Boyd, who was standing nearby saw no money in the wallet. Martin asked Boyd if he would trust him with the oil until he could go to Blount's Creek and return. Boyd agreed to do so. Boyd then went inside the station and defendant followed him. Defendant's two companions remained outside. Boyd testified:

"When he opened the door, he looked at me, says, 'I give you a

twenty dollar bill.' I made the statement, 'You didn't give me any money.' He made a statement not to jive with his money.

\*    \*    \*

I told him I was not jiving with his money. He come right up to the desk and made the statement again he give me a twenty dollar bill. I said, 'Martin paid me two one dollar bills for gas.' I said, 'You didn't give me a twenty dollar bill.'

The money that Martin gave me for the gas was two one dollar bills. No sir, the defendant Keys had not given me any money at that time. I had not even had any contact with him. After I told him Martin gave me two dollars he said again he give me a twenty dollar bill. He stuck his right hand in his pocket and I was watching. He was making a motion with his hand, going around in there. I made the statement again, 'Now, you didn't give me a twenty dollar bill,' and at that time he come up with his hand and I saw the back part of a knife. He said he was going to ask me one more time for the money. I opened the cash register and handed it to him. I handed him eighteen dollars."

**[1-3]**    In our opinion the evidence was sufficient to sustain a conviction for common law robbery. Robbery has been defined numerous times as the taking of money or goods with felonious intent from the person of another, or in his presence, against his will, by violence or putting him in fear. See 6 Strong, N.C. Index 2d, Robbery, § 1, and cases therein cited. Force as an element of robbery may be actual or constructive. If the threatened use of force is sufficient under the circumstances to put a man of reasonable firmness in fear and induce him to give up his property to avoid apprehended injury there is sufficient constructive force. *State v. Norris*, 264 N.C. 470, 141 S.E. 2d 869; *State v. Sawyer*, 224 N.C. 61, 29 S.E. 2d 34. The taking may be by violence or *intimidation. State v. Smith*, 268 N.C. 167, 150 S.E. 2d 194.

**[4]**    Defendant, while displaying the fact that he was armed with a knife, told Boyd that he was going to ask him one more time for the money. This brought forth a reasonable and natural response from Boyd who immediately surrendered the money. Under the circumstances, a man of reasonable firmness should not have been expected to wait and see what defendant's next step would be, once defendant had made it clear that he was through asking. Fear will be presumed if there are just grounds for it. 46 Am. Jur., Robbery, § 16, p. 147.

[5] Defendant asserts as prejudicial error the submission to the jury of the question of his guilt as to armed robbery, contending the evidence was insufficient to support a verdict of guilty as to that offense. It is not necessary that we inquire into the sufficiency of the evidence with respect to the charge of armed robbery, for the jury acquitted defendant of that offense. Conviction of the lesser offense of robbery rendered harmless any error with respect to submitting the question of defendant's guilt of the more serious offense, absent some showing that the verdict of guilty of a lesser offense was affected thereby. *State v. Casper,* 256 N.C. 99, 122 S.E. 2d 805; *State v. DeMai,* 227 N.C. 657, 44 S.E. 2d 218. Defendant has not shown that his conviction was affected in any way by the jury's consideration of his possible guilt of the more serious charge.

[6] The State attempted to show that when defendant was arrested a short time after the alleged offense, he attempted to pass the eighteen dollars which he had in his pocket to a woman who was with him. On direct examination a deputy sheriff testified:

"There was a lady standing behind him. I was behind the defendant and she was directly behind me. The money got to her hand. Her hand touched it.

Q. Did she grab any of it?

A. She tried.

OBJECTION OVERRULED MOTION TO STRIKE
DENIED EXCEPTION NO. 1"

Defendant contends the court committed error in refusing to strike the witness' answer. Although the answer was in the nature of a conclusion, it was competent as a shorthand statement of the facts. "An observer may testify to common appearances, facts and conditions in language which is descriptive of facts observed so as to enable one not an eyewitness to form an accurate judgment in regard thereto." *State v. Goines,* 273 N.C. 509, 513, 160 S.E. 2d 469; *Tyndall v. Hines Co.,* 226 N.C. 620, 39 S.E. 2d 828. See also 2 Strong, N.C. Index 2d, Criminal Law, § 71.

Defendant's final contentions relate to the charge. A review of the charge in its entirety fails to show that it contains prejudicial error.

No error.

MALLARD, C.J., and MORRIS, J., concur.