IN THE MATTER OF PEGGY ANN MARTIN, JUVENILE

No. 7015DC463

(Filed 21 October 1970)

1. Infants § 10— juvenile commitment — status as undisciplined child

A finding in a juvenile commitment proceeding that a 15-year-old girl was beyond the disciplinary control of her parents or custodian and was therefore a delinquent child in need of the supervision, protection and custody of the State, *is held* sufficient to bring the girl within the statutory definition of an "undisciplined child." G.S. 7A-278(5).

2. Infants § 10— juvenile commitment — sufficiency of evidence

The commitment of a 15-year-old girl to the Department of Juvenile Corrections for placement in a school for girls was proper, where there was evidence (1) that the girl had been brought to the principal's office on four different occasions for causing trouble in the classrooms and for being disrespectful and (2) that the girl struck a teacher.

---

In re Martin

---

3. Infants § 10; Arrest and Bail § 9— juvenile commitment — custody
   pending appeal — right to bail
      The statute permitting the district court to enter a temporary
   custody order affecting a juvenile who is appealing a commitment order
   of the court is not unconstitutional on the ground that the statute
   deprives the juvenile of the right to bail. G.S. 7A-289; U. S. Constitu-
   tion, XIV Amendment.

APPEAL by juvenile Peggy Ann Martin from *Horton, District Judge,* 23 March 1970 Session, ALAMANCE District Court.

This proceeding was instituted and processed pursuant to the provisions of Article 23 of Chapter 7A of the General Statutes. As provided by G.S. 7A-281 a petition was filed on 14 January 1970 alleging, among other things, that Peggy Ann Martin (Peggy) is less than sixteen years of age and in need of the care, protection, or discipline of the State; that she had not been in school since 30 October 1969 due to her suspension on that date for an indefinite period; that her behavior was a problem from the time of her enrollment in school in September 1969 until her suspension; that she is an undisciplined child beyond the control of her parents and school authorities.

On 9 March 1970, Peggy was adjudged an indigent and an attorney was appointed for her. On 23 March 1970, a hearing was conducted with Peggy, her attorney, and others present. The evidence introduced by the State was in the person of the principal of Eastern High School whose testimony is summarized as follows: On four different occasions Peggy had been brought to his office by various teachers for causing trouble in the classrooms and for being disrespectful. Prior to her indefinite suspension on 30 October 1969, she was suspended for a brief period of time but was later readmitted after a conference with her mother. Thereafter an altercation occurred between Peggy and another pupil during the course of which a teacher was struck by Peggy. It was after this altercation that Peggy was suspended indefinitely.

Evidence presented by Peggy is summarized thusly: Mrs. Estelle Harper testified that she was the teacher that was struck by Peggy; that she knew she was not struck deliberately and that Peggy was simply attempting to reach her adversary at the time; that Peggy had always been respectful toward her. Peggy's pastor testified that she regularly attended services at his church and he had never received any report of any misbehavior on her part.

Following the hearing, the court found as a fact that Peggy was unruly in school, that she failed to obey school officials, that she was suspended from school twice during the 1969-1970 school year for disobedience, that she engaged in an altercation and fight with another fifteen year old student, and that she is a delinquent child in need of the supervision, protection and custody of the State. The court ordered that Peggy be committed to the Department of Juvenile Corrections for placement in an appropriate school for girls with recommendation that upon her entry into custody of said department that she be given a complete mental evaluation; that the commitment shall be for an indefinite period of time not to exceed Peggy's eighteenth birthday.

Peggy gave notice of appeal to this court and the District Court upon a finding that Peggy's best interests would be served by her custody being placed with the Department of Juvenile Corrections pending disposition of the case on appeal, entered an order accordingly.

*Attorney General Robert Morgan by Assistant Attorney General R. S. Weathers for the State.*

*Donnell S. Kelly for juvenile appellant.*

BRITT, Judge.

Appellant contends that the District Court committed prejudicial and reversible error (1) in making "a finding of truancy where there is no evidence in the record to indicate that the truancy was willful or intentional," and (2) committing Peggy to the Department of Juvenile Corrections without privilege of bond pending disposition of her case on appeal.

[1, 2] (1) The record does not disclose that the court made a finding of truancy but the court did find, in effect, that Peggy was beyond the disciplinary control of her parents or custodian and was, therefore, a delinquent child in need of the supervision, protection and custody of the State. This was sufficient to bring Peggy's case within the definition of an "undisciplined child" as defined by G.S. 7A-278(5). We hold that the evidence was sufficient to support this finding and the finding supported the judgment which was fully authorized by G.S. 7A-286.

[3] (2) As to appellant's second contention, G.S. 7A-289 provides for an appeal to the Court of Appeals in juvenile proceedings but states:

"Pending disposition of an appeal, the court (District Court) may enter such temporary order affecting the custody or placement of the child as the court finds to be in the best interest of the child or in the best interest of the state."

Appellant contends that the court's action violated her constitutional rights and that "insofar as G.S. 7A-289 purports to permit a juvenile court to deny bail pending disposition of the case on appeal, it is in conflict with the Fourteenth Amendment to the Constitution of the United States and therefore void."

We hold that the action of the District Judge was fully authorized by the statute, that Peggy's constitutional rights were not violated and that G.S. 7A-289 is not unconstitutional. See *State v. Bradsher,* 189 N.C. 401, 404, 127 S.E. 349 (1925).

The judgment of the District Court is

Affirmed.

Judges CAMPBELL and VAUGHN concur.