STATE OF NORTH CAROLINA v. JOHN DENNY RUSH, JR.

No. 7218DC139

(Filed 23 February 1972)

1. Criminal Law § 166— abandonment of assignments of error

An assignment of error not brought forward and argued in the brief is deemed abandoned. Court of Appeals Rule 28.

2. Courts § 15; Infants § 10— juvenile delinquency proceeding — self-incrimination

Juvenile proceedings must be regarded as "criminal" for Fifth Amendment purposes of the privilege against self-incrimination.

3. Infants § 10— juvenile delinquency proceeding — admission of confession

Trial court's findings that a juvenile voluntarily and understandingly confessed after having been advised of his constitutional rights were supported by competent evidence and are thus conclusive on appeal.

4. Infants § 10— juvenile delinquency proceeding — admission of confession

Considering the totality of the circumstances, neither a juvenile's tender age nor the fact that his interrogation occurred in a school principal's office rendered the conditions coercive so as to make the juvenile's confession inadmissible.

5. Criminal Law § 99; Infants § 10— juvenile delinquency proceeding — expression of opinion by court — G.S. 1-180

The provisions of G.S. 1-180 prohibiting a court from giving an opinion on the evidence do not apply in a juvenile delinquency proceeding where no jury is present.

6. Infants § 10— juvenile delinquency hearing — questions by trial court

The trial judge in a juvenile delinquency proceeding may question the witnesses to elicit relevant testimony and to aid in arriving at the truth.

7. Infants § 10; Robbery § 3— common law robbery — competency of knife used in robbery

Although a juvenile petition did not allege that the juvenile used a weapon in committing a robbery, a knife used in the robbery and statements relating thereto were competent for the purpose of proving that the victim was intimidated or put in fear.

8. Infants § 10; Robbery § 4— common law robbery — evidence that victim was put in fear

Evidence that juvenile took money from another at the point of a knife was sufficient to prove the essential element of common law robbery that the victim was put in fear.

9. **Infants § 10— commitment for delinquency — sufficiency of evidence**
There was sufficient evidence to permit a finding that appellant is a delinquent child under G.S. 7A-278(2) where the evidence was sufficient to have convicted him of the common law robbery alleged in the juvenile petition.

10. **Infants § 10; Robbery § 2— juvenile petition — common law robbery**
Petition alleging that a juvenile took money from the victim by putting him "in fear and in danger of his life" was sufficient to allege common law robbery without including the word "violence."

11. **Infants § 10; Arrest and Bail § 9— juvenile commitment — custody pending appeal — right to bail**
The district court did not err in committing a juvenile to the temporary custody of the Board of Juvenile Corrections without privilege of bond pending disposition of his case on appeal.

APPEAL by juvenile respondent from *Gentry, District Judge,* 22 October 1971 Session of GUILFORD District Court.

This proceeding was instituted pursuant to the provisions of Article 23 of Chapter 7A of the General Statutes. As provided by G.S. 7A-281 a petition was filed on 12 October 1971 alleging in substance that John Denny Rush, Jr. (respondent) is less than 16 years of age; that he resides at his father's address within the district; that he is a "delinquent child" as defined by G.S. 7A-278(2) in that he "did unlawfully, wilfully, and feloniously did make and (sic) assault on Conrad Randall Huffman at Lindley Junior High School located at 2201 Spring Garden Street, Greensboro, North Carolina and him in bodily fear and danger of his life did put, and did take from the said person of Conrad Randall Huffman .05¢ five cents in lawful money and then and there did unlawfully, wilfully, feloniously take, steal and carry away the said five cents"; and that the court should determine whether he is in need of the care, protection or discipline of the State. In accordance with G.S. 7A-284 a detention order was executed that same day wherein the court assumed immediate custody of the child prior to a hearing on the merits of the case. On 15 October 1971 the respondent was adjudged an indigent, and a public defender was appointed to serve as counsel for him. On 27 October 1971 a hearing was conducted with the respondent, his attorney, his father and others in attendance. The State's evidence tended to show that on 11 October 1971 at about 3:30 o'clock in the afternoon at the school ground respondent asked Conrad Huffman for a dime to ride the city bus; that Conrad pulled out a dime and gave it

to respondent; that respondent then pulled out the open blade of a "Barlow" knife, put it against Conrad's back and asked for a nickel which he gave to him; and that Charles Hicks, who witnessed the robbery, corroborated Conrad's testimony. A voir dire examination was conducted wherein the court determined that on the day following the incident, a police officer interviewed respondent at the school in the presence of the assistant principal. Based upon respondent's own testimony and that of the officer, the court concluded: That the respondent was advised of his constitutional rights; that he voluntarily and understandingly waived those rights in writing; and, therefore, his confession as recited to the officer was admissible into evidence. The officer also testified that respondent had directed him to the place in the school building where he had hidden the "Barlow" knife used in the robbery. At the close of the State's evidence, respondent moved to dismiss the petition as of nonsuit. Respondent offered no evidence but renewed his motion to dismiss as of nonsuit. At the conclusion of the adjudicatory part of the proceedings, the court entered findings that the respondent did violate the law, was a delinquent child and was in need of the discipline and supervision of the State. The court denied respondent's motion to set the verdict aside.

Prior to disposition, the court heard evidence from respondent's father which tended to show that respondent's mother was deceased; that he lived alone with his father; that he was left in the care of a neighbor each morning when his father left for work at 7:00 a.m.; that his father had petitioned the court to appoint a guardian for him; and that after his father learned that he was accused of robbery, he "whipped him because of this. I tried to kill him. I can't tell the court what I did but I did beat him. Yes, I did whip him. I really did." Prior to any disposition the court also heard testimony from the principal which tended to show that the respondent had been an almost daily discipline problem; that he was large for his age and picked on the smaller children; that he had been in the office about every day; that each child received a printed Code of Conduct which prohibited carrying weapons to school but three "Barlow" knives found at school were traced to the respondent; that he had been sent out of his classroom for misbehavior approximately 15 times; that the principal and the assistant principal had talked with respondent numerous times

concerning his behavior; and that he had been expelled from school on 14 October 1971 following the incident in controversy.

Based upon this evidence concerning disposition, the court ordered the respondent delinquent child be committed to the North Carolina Board of Juvenile Correction for an indefinite term. Respondent's motion to arrest judgment was denied, and he gave notice of appeal to this Court. Upon finding that for the protection of the community and the best interests of the respondent, he should be placed in custody of the Board of Juvenile Corrections pending disposition of the case on appeal, the district court entered an order accordingly.

*Attorney General Morgan, by Assistant Attorney General Hensey, for the State.*

*D. Lamar Dowda for the respondent appellant.*

MORRIS, Judge.

[1] Appellant's first assignment of error alleging that G.S. 7A-278 is unconstitutional was not brought forward and argued in his brief and is thus deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

[2-4] Appellant questions the finding by the court that his statement to the police officer was voluntarily given and admissible into evidence. Though juvenile proceedings in this State are not criminal prosecutions and a finding of delinquency in a juvenile hearing is not synonymous with the conviction of a crime, a juvenile is entitled to certain constitutional safeguards and fairness. *In re Jones*, 11 N.C. App. 437, 181 S.E. 2d 162 (1971). For instance, juvenile proceedings must be regarded as "criminal" for Fifth Amendment purposes of the privilege against self-incrimination. *In re Burrus*, 275 N.C. 517, 169 S.E. 2d 879 (1969), affirmed 403 U.S. 528, 29 L.Ed. 2d 647, 91 S.Ct. 1976 (1971). The State's evidence tends to show that the police officer advised appellant prior to questioning him that his constitutional rights included " . . . a right to remain silent and anything he said could and would be used against him in a court of law." A written waiver of his constitutional rights was introduced into evidence. The trial court then conducted a voir dire examination to determine whether appellant freely, voluntarily and understandingly confessed. Appel-

State v. Rush

lant testified on voir dire that he was called to the principal's office where the officer was identified and "In the office he told me anything I said could be used against me." Appellant then testified as follows:

"Q. Say what you recall Officer Smithey having said to you?

A. He told me I had the right to remain silent because anything that I said could be used against me, and if I wanted a lawyer the court—if my father could not afford me one the lawyer—I mean the court would give me one.

Q. What else?

A. He added some more things but I can't recall.

Q. Did he ask you to read this form?

A. No.

Q. Did he read this paragraph to you, 'I have read the above statements of my rights'?

A. Yes.

Q. Did you tell him you understood what that meant?

A. Yes.

Q. Did you, in fact, understand that you were entitled to have someone like me or a lawyer there present when you were talking?

A. Yes.

Q. You did not understand that it was for the trial of the case as opposed to that interrogation there?

A. I didn't understand all of that, but I kind of got what he was talking about.

Q. What do you mean you kind of got, what did you understand it to mean?

A. I understand parts of what he was saying about anything that I said could be used against me, and if my father couldn't afford me a lawyer the court would appoint me one."

During this same voir dire examination the appellant testified for a third time that he understood he had a right to remain silent and the court would appoint a lawyer for him if he could not afford one. The court denied appellant's motion to exclude the confession and entered a finding that appellant voluntarily and understandingly confessed after having been fully advised of his constitutional rights. Though both State and appellant offered evidence on voir dire, there was no real conflict in the testimony as to the voluntariness of the confession. The trial court's findings are adequately supported by competent evidence and thus are conclusive on appeal. *State v. Bishop*, 272 N.C. 283, 158 S.E. 2d 511 (1968). Considering the totality of the circumstances, neither of the appellant's tender age nor the place of the interrogation rendered the conditions so coercive as to make the confession inadmissible. *In re Ingram*, 8 N.C. App. 266, 174 S.E. 2d 89 (1970) ; see also 87 A.L.R. 2d 624; 47 Am. Jur. 2d, Juvenile Courts and Delinquent and Dependent Children, § 50, p. 1024.

[5, 6] Appellant contends it was error for the court repeatedly to propound questions to various witnesses throughout this juvenile proceeding in violation of G.S. 1-180. This juvenile hearing to determine delinquency was heard by a judge without a jury and G.S. 1-180 does not apply where no jury is present. *State v. Butcher*, 10 N.C. App. 93, 177 S.E. 2d 924 (1970). The purpose of Article 23 as set out in G.S. 7A-277 is "to provide procedures and resources for children under the age of sixteen years which are different in purpose and philosophy from the procedures applicable to criminal cases involving adults." See *In re Whichard*, 8 N.C. App. 154, 174 S.E. 2d 281, appeal dismissed 276 N.C. 727 (1970). G.S. 7A-285 provides that "The juvenile hearing shall be a simple judicial process designed to adjudicate the existence or nonexistence of any of the conditions defined by G.S. 7A-278(1) through (5) which have been alleged to exist, . . . " We believe the informal procedure contemplated by the statute allows the questioning of witnesses by the trial judge to elicit relevant testimony and to aid in arriving at the truth. The record discloses complete fairness on the part of the court in asking the witnesses questions, and we find no bias on the part of the trial judge. Since there was no prejudicial error shown, appellant's assignment of error is overruled.

**[7]** By appellant's next assignments of error, he contends the court erred when it admitted into evidence a knife and statements related thereto, because the petition made no allegation that a weapon was used. Appellant cites no authority for the proposition and concedes that whether a child commits common law robbery or armed robbery is of no consequence in a juvenile hearing since a child may be declared a delinquent for committing "any criminal offense under State law." G.S. 7A-278(2). The gist of the offense of common law robbery is the taking by intimidation or violence. *State v. Stewart,* 255 N.C. 571, 122 S.E. 2d 355 (1961). Weapons may be admitted where there is evidence tending to show that they were used in the commission of a crime. *State v. Russ,* 2 N.C. App. 377, 163 S.E. 2d 84 (1968); *State v. Ashford,* 7 N.C. App. 320, 172 S.E. 2d 83 (1970), cert. denied 276 N.C. 498 (1970). Evidence of a knife is competent for the purpose of proving intimidation or the putting in fear. We find no prejudicial error, and the assignment of error is overruled.

**[8, 9]** Appellant's next assignment of error questions the sufficiency of the evidence to withstand his motion to dismiss the petition as of nonsuit. Appellant contends that there was no evidence that the victim, Conrad Huffman, was put in fear and, therefore, an essential element of the offense of common law robbery is missing. *State v. Lawrence,* 262 N.C. 162, 136 S.E. 2d 595 (1964).

> " . . . 'No matter how slight the cause creating the fear may be or by what other circumstances the taking may be accomplished, if the transaction is attended with such circumstances of terror, such threatening by word or gesture, as in common experience are likely to create an apprehension of danger and induce a man to part with his property for the sake of his person, the victim is put in fear.' (Citations omitted.)" *State v. Norris,* 264 N.C. 470, 473, 141 S.E. 2d 869 (1965).

6 Strong, N. C. Index 2d, Robbery, §§ 1-5, pp. 678-687.

> "Fear will be presumed if there are just grounds for it." *State v. Keyes,* 8 N.C. App. 677, 679, 175 S.E. 2d 357, cert. denied 277 N.C. 116 (1970).

There is also plenary evidence to show a felonious intent on appellant's part permanently to deprive Conrad Huffman of his

money and to convert it to his own use. *State v. Mundy,* 265 N.C. 528, 144 S.E. 2d 572 (1965) ; *State v. Smith,* 268 N.C. 167, 150 S.E. 2d 194 (1966). Clearly since there was sufficient evidence to convict appellant of the crime alleged in the petition, then there was sufficient evidence to permit a finding that appellant is a delinquent child under G.S. 7A-278(2) and appellant's motion to dismiss was properly denied. *In re Roberts,* 8 N.C. App. 513, 174 S.E. 2d 667 (1970) ; *In re Alexander,* 8 N.C. App. 517, 174 S.E. 2d 664 (1970). Similarly the court did not err in failing to set the judgment aside.

[10]  Appellant also argues that the petition itself was insufficient to support the court's order, and therefore, the court erred in failing to arrest judgment. We disagree. The petition here charging "him in bodily fear and danger of his life did put" sufficiently alleged the gist of the offense without including the word "violence." *State v. Stewart, supra; State v. Lawrence, supra.* The petition adequately charged a criminal offense, and we find no fatal defect on the face of the record.

Appellant's assignment of error No. 10 questions what evidence a court may consider concerning the needs of the child during the disposition part of the hearing and his assignment of error No. 11 questions whether the court may immediately proceed to disposition following an adjudication. In applying the statutory language of G.S. 7A-285, we find no error.

[11]  Finally appellant contends that the court erred in committing him to the temporary custody of the North Carolina Board of Juvenile Corrections without the privilege of bond pending disposition of his case on appeal. This court has specifically determined this issue previously in *In re Martin,* 9 N.C. App. 576, 176 S.E. 2d 849 (1970), and the assignment of error is overruled.

Unfortunate as the circumstances of this case may be, the record fails to show any reversible error. The juvenile appellant in this case was afforded every constitutional safeguard required at every stage of the proceedings.

Affirmed.

Chief Judge MALLARD and Judge PARKER concur.