IN THE MATTER OF: PHILLIP BYERS

No. 7720DC580

(Filed 21 December 1977)

1. Infants § 18— determination of delinquency—sufficiency of evidence

The evidence was sufficient to support a finding that defendant is a delinquent child by reason of his having assaulted and taken money from another where, in response to questioning by the judge, a codefendant stated that he had participated in the assault and that his three codefendants (including defendant) had also participated.

2. Infants § 16— juvenile hearing—lay judge—due process

A juvenile delinquency hearing did not violate due process because it was held before a lay judge without a right to a trial *de novo* before a legally trained judge. G.S. 7A-285.

APPEAL by defendant from *Lampley, Judge.* Order entered 11 May 1977 in District Court, UNION County. Heard in the Court of Appeals 16 November 1977.

Sgt. Frank Benton, a Monroe police officer, filed a juvenile petition alleging that the defendant is a delinquent child by

reason of his having assaulted and taken $34 from James Smith. Three other minors were allegedly involved in the assault on Mr. Smith, and the charges against all four were heard together. Defendant was represented by counsel, and at the hearing he denied the allegations of the petition. From an order placing him in the custody of the Department of Human Resources for an indefinite period not to exceed his eighteenth birthday, defendant appealed.

At the hearing, Sgt. Benton testified that he had obtained similar statements from all defendants except Byers. One of the statements was read into evidence but was not admitted against the defendant Byers. James Smith testified concerning the assault, but he was unable to identify any of his attackers. Defendant's counsel then moved for a dismissal of the petition against the defendant on the ground of insufficient evidence. Before ruling on the motion, the judge asked one of the accused juveniles, Donald Duncan, if he had participated in the assault and robbery and whether the other defendants had also participated. Duncan responded affirmatively to both questions. The judge then denied defendant's motion to dismiss and entered an order placing Byers in the custody of the Department of Human Resources.

*Attorney General Edmisten, by Assistant Attorney General William Woodward Webb, for the State.*

*Humphries and McCollum, by Joe P. McCollum, Jr., for defendant appellant.*

MORRIS, Judge.

[1] The defendant's first two assignments of error are directed to the sufficiency of the evidence relating to the charges contained in the juvenile petition. The defendant contends that, under the rules applicable to a criminal prosecution, the evidence would have been insufficient to submit this case to a jury and, therefore, the petition against the defendant should have been dismissed for the same reason. We disagree. In response to questioning by the judge, co-defendant Duncan stated that he had participated in the assault on Mr. Smith and that his three co-defendants (including defendant Byers) had also participated. Defendant does not object to this evidence, and we conclude that the evidence, when viewed in the light most favorable to the

State, was sufficient to support the findings of the judge in his juvenile order placing the defendant in the custody of the Department of Human Resources. These assignments of error are overruled.

[2]   The defendant's third assignment of error is directed to the constitutionality of G.S. 7A-285. Defendant contends that the hearing in the instant case did not meet the requirements of due process under the Fourteenth Amendment because it was held before a lay judge and without a right to a trial *de novo* before a legally trained judge. We disagree. The defendant argues that *North v. Russell*, 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed. 2d 534 (1976), requires that a trial or hearing presenting the possibility of confinement must be before a legally trained judge or the defendant must have the right to trial *de novo* before a legally trained judge. Appeal from a juvenile hearing conducted in our district courts lies directly to the North Carolina Court of Appeals, and a juvenile defendant does not have the right to a trial *de novo* in superior court before a legally trained judge. We do not believe that *North v. Russell, supra,* declares this procedure to be unconstitutional. Considering the procedure of the Kentucky criminal justice system which provides that less serious offenses must first be tried in district court (where many judges are laymen) with the possibility of trial *de novo* before a legally trained judge in a superior court, the Supreme Court stated that:

> "In the context of the Kentucky procedures, however, it is unnecessary to reach the question whether a defendant could be convicted and imprisoned after a proceeding in which the only trial afforded is conducted by a lay judge." P. 334.

It is apparent that the Court left undecided the issue pressed upon us by the defendant. We conclude that G.S. 7A-285 is constitutional and that the defendant's due process rights were not violated when his juvenile hearing was conducted before a lay judge. It is clear that the Supreme Court in *North v. Russell* did not hold that a trial must be held before a legally trained judge before a defendant may be imprisoned, and we believe there is nothing in the Constitution to support such a decision.

Even if the holding of the *North* case had been as the defendant has argued, it would not be applicable to G.S. 7A-285. In *North* the U.S. Supreme Court was dealing with Kentucky

criminal procedures, and the defendant ran the risk of imprisonment. Had criminal charges been pressed against the defendant Byers in North Carolina, he would have been entitled to a trial *de novo* in Superior Court where his trial would have been heard by a judge licensed to practice law, though laymen are not excluded from the bench in North Carolina either by statute or constitution. This procedure was expressly approved in *North v. Russell*, *supra*. In the case *sub judice*, however, the defendant was before the district court on a juvenile petition, and we have noted that when the institution to which a juvenile is committed is not of a penal character " 'such investigation is not one to which the constitutional guaranty of a right to trial by jury extends, nor does the restraint put upon the child amount to a deprivation of liberty . . . , nor is it a punishment for crime.' " *In re Whichard*, 8 N.C. App. 154, 161, 174 S.E. 2d 281, 285 (1970), *appeal dismissed*, 276 N.C. 727 (1970), quoting from *In re Watson*, 157 N.C. 340, 72 S.E. 1049 (1911). Indeed, our Juvenile Court Act "treats 'delinquent children not as criminals, but as wards and undertakes . . . to give them the control and environment that may lead to their reformation and enable them to become law-abiding and useful citizens, a support and not a hindrance to the Commonwealth.' " *In re Walker*, 282 N.C. 28, 39, 191 S.E. 2d 702, 709 (1972).

Furthermore, it is our legislative policy that the judge consider the needs of the child in the disposition of a juvenile petition. G.S. 7A-286. The noncriminal nature of juvenile hearings and the nonpenal nature of the confinement at risk has been noted by the North Carolina Appellate Courts in several cases. *In re Burrus*, 275 N.C. 517, 169 S.E. 2d 879 (1969), *aff'd sub nom McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed. 2d 647 (1971); *State v. Rush*, 13 N.C. App. 539, 186 S.E. 2d 595 (1972); *In re Whichard*, *supra*.

We conclude that our Juvenile Court Act, pursuant to its benevolent guidelines, and with the right of appeal directly to this Court, passes the most strict requirements of fairness and due process. The possibility of confinement resulting from a hearing before a lay judge does not alter this conclusion.

Affirmed.

Judges HEDRICK and ARNOLD concur.