STATE OF NORTH CAROLINA v. EDGAR BUCHANAN

No. 7726SC663

(Filed 21 December 1977)

**Robbery § 4— armed robbery—sufficiency of evidence**
The State's evidence was sufficient for the jury in a prosecution for armed robbery where it tended to show that defendant accused the victim of having taken his billfold containing $250; defendant displayed a gun and ordered the victim to place the victim's billfold on the steps; there was a struggle and defendant shot the victim as the victim retreated; and defendant took $110 from the victim's billfold.

APPEAL by defendant from *Barbee, Judge.* Judgment entered 17 March 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 December 1977.

Defendant was indicted for armed robbery, using a pistol to steal $110.00 in cash from the presence of Hubert Chambers. The evidence at trial tended to show that defendant last saw his wallet containing about $250.00 at an apartment where both he and Chambers were visiting. When he saw Chambers again later

that day, he accosted him demanding the return of the money. There was a struggle and the gun went off, wounding Chambers in the leg. During the altercation, on defendant's orders, Chambers had placed his wallet on the steps with his money on top of it. Defendant took $110.00 from the wallet.

Defendant was found guilty as charged. He was sentenced to five years in prison and recommended for work and study release programs.

*Attorney General Edmisten, by Assistant Attorney General Robert R. Reilly, for the State.*

*Public Defender Michael S. Scofield, by Mark A. Michael, for defendant appellant.*

VAUGHN, Judge.

Defendant brings forward only one assignment of error, alleging that the evidence was insufficient to take the case to the jury and that the court erred by not dismissing the case at the close of all the evidence. He asserts that there was no substantial evidence tending to show that defendant knew he was not entitled to the money taken.

The evidence must be considered in the light most favorable to the State, giving the State the benefit of any reasonable inferences to be drawn from it. Contradictions and discrepancies, even in the evidence offered by the State itself, are matters for the jury; they do not require dismissal. *State v. Murphy*, 280 N.C. 1, 184 S.E. 2d 845 (1971); *State v. Mabry*, 269 N.C. 293, 152 S.E. 2d 112 (1967).

Here the evidence clearly raised questions for the jury. The State made out a prima facie case of armed robbery when it offered evidence tending to show that defendant openly displayed a gun, ordered Chambers to lay down his wallet and money, and then took the money. *See State v. Keyes*, 8 N.C. App. 677, 175 S.E. 2d 357 (1970), *cert. den.*, 277 N.C. 116. Moreover, Chambers testified that Buchanan ordered him "[t]ake your money out of it [Chambers' billfold]." He further testified that he was shot after he started to run from the defendant. Chambers' neighbor testified that defendant shot Chambers as he retreated and while he pleaded with defendant not to shoot. The neighbor heard

defendant say, "Ah, hell, I'm going to blast you now." All of this evidence, with the reasonable inferences drawn from it, is sufficient to allow a jury to find that a quarrel beginning with defendant's accusation that Chambers had stolen his money ended with defendant, angered by Chambers' resistance, firing a shot at him and taking his money.

No error.

Judges BRITT and PARKER concur.